Thomas Dyer, Impleaded, etc., Appellant, *v.* Edward B. Talcott, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

In an action on the case for damages, for injuries sustained, the burthen of proof is on the plaintiff, to show that he exercised due care and caution, or that his own negligence did not contribute to produce the injury complained of, as well as that the injury was produced by the negligence of the defendant.

This was an action on the case, brought by the appellee against the appellant, to recover for damages done to the steam tug Seneca, owned by the appellee, by reason of the unlawful obstruction of Chicago river, by the appellant, in placing across it a rope, and negligently suffering it to remain, upon which the tug ran afoul, causing injury to the tug, and detaining her from her business, in making repairs, etc.

The cause was tried before J. M. Wilson, Judge, and a jury, at March Vacation term, 1854.　Verdict and judgment for $180.

The instruction upon which the decision is made, is set out in the opinion of the court.

E. S. Williams and Higgins, Beckwith and Strother, for Appellant.

Arnold, Larned and Lay, for Appellee.

Caton, J.　The court below undoubtedly erred in refusing to instruct the jury as requested by the defendant below.　That

request was as follows: "That the burthen of proof, in this action, is upon the plaintiff, to show, not only that the defendant was guilty of negligence, but that he, himself, was not guilty of negligence or carelessness." In the case of *The Aurora Branch Rail Road Company* v. *Grimes*, 13 Ill. R. 585, this court had occasion to examine the question here presented with some care, and the rule there laid down is, that the burthen of proof is on the plaintiff, to show that he exercised due care and caution, or that his own negligence did not contribute to produce the injury complained of, as well as that the injury was produced by the negligence of the defendant, and that is the precise question involved in this instruction, and which the court refused to give. The authorities referred to in that case, fully sustain this position, and it is not deemed necessary to reëxamine them here. We do not deem it advisable to enter into an examination of the evidence, to ascertain whether a custom was proved, as contended for, or whether negligence was proved on the part of the plaintiff or defendant, or whether the damages allowed by the jury were too high. Those are questions of fact, which must be submitted to another jury, under the influence of proper instructions.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*