## Abram G. Coursen

*v.*

## Edward Ely.

1. NEGLIGENCE — *in cases of collision.* In action brought by the owner of one vehicle against the owner of another, for damages resulting from a collision, if the defendant has been guilty of negligence, and the plaintiff has shown all the care and skill which can be expected from men of ordinary prudence in like circumstances, he is entitled to recover.

2. SAME. Although the plaintiff may be guilty of some degree of negligence, yet if it is but slight as compared with that of the defendant, the plaintiff can recover, and this rule holds even where the slight negligence of the plaintiff in some degree contributed to the injury.

3. NEW TRIAL. If this court can see that an erroneous ruling of the court below has worked the defendant no injury, such ruling is no ground for a reversal of the judgment.

APPEAL from the Superior Court of Chicago:

This was an action on the case brought by the appellee against the appellant and tried at the September term, 1864. The plaintiff recovered a verdict and had judgment for $250. The material facts are stated in the opinion of the court.

Messrs. GARRISON & BLANCHARD for appellant.

Mr. CHARLES A. DUPEE for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action on the case brought by Ely, for injuries to his horse and carriage done by a servant of Coursen, while driving his master's team. The carriage was passing along Clark street, Chicago, and the servant of the defendant below, undertook to pass it with his double team and heavy grain wagon, both vehicles moving in the same direction. A collision occurred, and for the damages resulting therefrom the jury gave the plaintiff a verdict. The evidence is conflicting as to how far the plaintiff may have himself contributed to the accident, or whether it was solely the result of carelessness on the part of defendant's servant. The jury were the proper judges of the degree of credit to be given to the various witnesses, and we find nothing in the record requiring us to set aside the verdict as being unsustained by the evidence.

It is, however, urged that there was error in the instructions. The 4th and 5th instructions given for the plaintiff embody the law of the case as laid down by the court, and it

is to these that counsel for plaintiff in error chiefly object. They are as follows:

"If the jury believe from the evidence that the injuries complained of were caused by the negligence or carelessness of the servant of the defendant, in the course of his employment as such servant, either without any negligence or fault on the part of plaintiff's servant; or without any such fault or negligence on his part as contributed to the injuries complained of; or with no want of such care and skill on his part as could reasonably be expected of a man of ordinary prudence and skill in such a situation then they will find for the plaintiff."

"5. The jury are instructed that in determining the question of negligence, they are to take into consideration the situation of both parties, and that if they believe from the evidence that the injury was caused by the negligence or fault of defendant's driver, without any greater want of skill or care on the part of plaintiff's driver, than could reasonably be expected of a person of ordinary prudence and skill, in such a situation as he was, that the plaintiff is entitled to recover."

We see no objection to these instructions. If, in cases of this character, the defendant has been guilty of negligence, and the plaintiff has shown all the care and skill which can be expected from men of ordinary prudence in like circumstances, then the plaintiff is entitled to recover. This has been settled by repeated decisions of this court. *Aurora Branch R. R.* v. *Grimes*, 13 Ill., 588; *Dyer* v. *Talcott*, 16 Ill., 300; *Galena & Chicago Union R. R. Co.* v. *Fay*, 16 Ib., 588; *Same* v. *Jacobs*, 20 Ib., 496.

On behalf of the defendant the court instructed the jury, "that if they believed the alleged injury to the plaintiff's horse and carriage was produced in whole or in part by the negligence or misconduct of the plaintiff's servant then the

jury will find for the defendant." This was quite as favora-
ble a presentation of the law as the defendant was entitled
to, since this court has held in *G. & C. R. R. Co.* v. *Jacobs*,
20 Ill., 496, and *C. B. & Q. R. R. Co.* v. *Dewey*, 26 Ill., 258,
and in several more recent cases, that although the plaintiff
may be guilty of some degree of negligence, yet if it is but
slight as compared with that of the defendant, the plaintiff
shall be allowed to recover, and we have held, at the present
term, in the case of the *Chicago & Alton R. R.* v. *Hogarth*,
that this rule applies even where the slight negligence of the
plaintiff in some degree contributed to the injury.

The modification by the court of the defendant's 3d and
5th instructions was in accordance with these principles and
unobjectionable.

The objection that the defendant was not permitted to have
his motion for a new trial passed upon by all the judges of
the Superior Court in banc, even if an erroneous ruling,
which we do not decide, is no ground for reversing the judg-
ment, because such ruling worked the defendant no injury.
We must presume that that court in banc would have held,
as we do, that there was no ground in the record for granting
a new trial.

*Judgment affirmed.*