ELIZABETH ROBINSON, Respondent, *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

A female who has accepted an invitation to take a ride with a person in
every way competent and fit to manage a horse, is not chargeable with
his negligence, and contributory negligence upon his part is no defence
to an action against a railroad corporation for injuries resulting from a
collision.

Accordingly, *held*, that a charge in such an action that if defendant was
negligent and the plaintiff was free from negligence herself, she was
entitled to recover, although the driver might be guilty of negligence,
which contributed to the injury, was proper.

*Beck* v. *East River Ferry Company* (6 Robt., 82) distinguished.

*Brown* v. *New York Central Railroad Company* (32 N. Y., 597) limited.

(Argued April 6, 1876; decided April 18, 1876.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department in favor of plaintiff,
entered upon an order denying a motion for a new trial, and
directing judgment on a verdict.

This action was brought to recover damages for injuries
resulting from a collision at a railroad crossing between a
buggy, in which plaintiff was riding, and a train on defend-
ant's road, alleged to have been caused by the negligence of
defendant's employes.

Plaintiff was riding at the invitation of one Conlon in a
buggy belonging to him, he being the driver. Conlon was an
able-bodied man, and in every way competent to drive and
manage the establishment. The court charged the jury that
if the defendant was negligent and the plaintiff was free from
negligence herself, she was entitled to recover, although the
driver might be guilty of negligence, which contributed to
the injury, to which defendant's counsel duly excepted.

*A. P. Laning* for the appellant.

*J. H. Martindale* for the respondent. The negligence of
the owner and driver of the horse and buggy was not imput-
able to plaintiff, and would not defeat a recovery. (*Cattlin* v.
*Hills*, 65 C. L., 130; *Norton* v. *West R. R. Co.*, 15 N. Y.;

444–447; 19 id., 342; 20 id., 492; 38 id., 260; 45 id., 631; 6 Sup. Ct. R., 66.) The evidence was not sufficient to establish the relation of mistress and servant between plaintiff and Conlon. (*Metcalf* v. *Baker*, 18 Abb. [N. S.], 431.)

CHURCH, Ch. J. · The court charged the jury that if the defendant was negligent, and the plaintiff was free from negligence herself, she was entitled to recover although the driver might be guilty of negligence which contributed to the injury.

In determining this question it is important to first ascertain the relation which existed between the plaintiff and Conlon, the driver. It is very clear, and was found by the jury, that the relation of master and servant did not exist. Nor was Conlon, in any sense, the agent of the plaintiff. He had invited the plaintiff to ride to a certain place, which she declined, but stated that if he would come on a specified day she would ride with him to another place where she desired to go for a visit, and it was during that ride that the accident occurred. I do not think that the change affected the relation between the parties. It was the same as if the plaintiff had accepted the first invitation. It is, therefore, the case of a gratuitous ride by a female upon the invitation of the owner of a horse and carriage. The plaintiff had no control of the vehicle, nor of the driver in its management. It is not claimed but that Conlon was an able-bodied, competent person to manage the establishment, nor that he was intoxicated, or in any way unfit to have charge of it. Upon what principle is it that his negligence is imputable to the plaintiff? It is conceded that if by his negligence he had injured a third person, she would not be liable. She was not responsible for his acts, and had no right and no power to control them. True, she had consented to ride with him, but as he was in every respect competent and suitable, she was not negligent in doing so. Can she be held by consenting to ride with him to guaranty his perfect care and diligence? There was no necessity for riding with him. It was a voluntary act on the part of the plaintiff; but it was not an unlawful or negligent act.

She was injured by the negligence of a third person, and was free from negligence herself, and I am unable to perceive any reason for imputing Conlon's negligence to her.

If his negligence contributed to the injury, he is liable also to an action, but that does not exonerate the defendant. Suppose Conlon had, by grossly negligent driving, turned over the carriage and injured the plaintiff, is there a doubt but he would be liable to an action for the injury in her behalf. These views proceed, of course, upon the assumption that there was no relation of principal and agent, or master and servant. Nor were they engaged in a joint enterprise in the sense of mutual responsibility for each other's acts, as in *Beck* v. *East River Ferry Company* (6 Robertson, 82).

I am unable to find any legal principle upon which to impute to the plaintiff the negligence of the driver. The whole argument on behalf of the appellants on this point is contained in the following paragraph from the brief of its counsel: " So if the plaintiff had proceeded on this journey upon the invitation of Conlon for the like purpose, she having voluntarily intrusted her safety to his care and prudence, and thus exposed herself to the risk of injury arising from his negligence or want of skill, she should be precluded from recovering, if he thereby contributed to her injury." If this argument is sound why should it not apply in all cases to public conveyances as well as private ? The acceptance of an invitation to ride creates no more responsibility for the acts of the driver than the riding in a stage-coach, or even a train of cars, providing there was no negligence on account of the character or condition of the driver, or the safety of the vehicle, or otherwise. It is no excuse for the negligence of the defendant that another person's negligence contributed to the injury, for whose acts the plaintiff was not responsible. The rule of contributory negligence is very strict in this State, and should not be extended, nor should the rule of imputable negligence be extended to new cases where the reason for its adoption is not apparent.

I have examined all the authorities cited, and none of them

sanction the application of the principle to the facts of this case. It was stated in *Brown* v. *New York Central Railroad Company* (32 N. Y., 597), which was the case of a passenger in a stage-coach, that a majority of the judges were of opinion that the negligence of the driver was imputable to the passenger, but the point was not decided, as it was found in that case that the driver himself was not negligent. (38 N. Y., 260.) That case had the element of employment in it which makes it stronger than this in that respect, but the opinion said to have been entertained was not adopted, and cannot have the weight of authority. It is not intended by this decision to establish a rule which will embrace cases not within the facts developed in this case, as construed by the court and found by the jury.

The judgment must be affirmed.

All concur; Allen and Earl, JJ., taking no part.

Judgment affirmed.