CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

v.

BRIDGET DOUGHERTY, Administratrix, etc.

1. MUNICIPAL ORDINANCE AS TO RATE OF SPEED—STATUTORY PRESUMPTION OF NEGLIGENCE.—Plaintiff's husband, while driving with a team across defendant's railroad track in the city of Ottawa, was struck and killed by a train, running at the rate of eight miles per hour. There was an ordinance of the city, passed before the statute of 1877, limiting the speed of trains while running through the city, to five miles per hour. Upon the question whether the plaintiff could avail herself of the provisions of the statute of 1877 as evidence to raise the statutory presumption of negligence instead of being compelled to prove negligence as at common law. *Held*, that an ordinance of this character to have the effect of raising the statutory presumption, that an injury results from the negligence of the company in running its trains at a rate prohibited by the ordinance, must conform to the provisions of the statute. As the statute declares that no such ordinance shall limit the rate of speed of passenger trains to less than ten miles per hour, the court is of opinion that this ordinance, limiting the rate of speed to five miles per hour, can not be competent evidence in this suit.

2. RAILROAD MUST CONFORM RATE OF SPEED IN A CITY TO SAFETY OF PUBLIC.—The statute, however, does not license a speed of ten miles per hour, if that rate under the circumstances would be negligence. A railroad company must conform the rate of speed of its trains, to the safety of the public at all places in a city where persons have as equal a right to travel as the company have to run trains.

3. NEGLIGENCE.—Negligence is the failure to exercise the care required by law. Negligence can not exist where the duty enjoined is omitted, or the act done is required to be forborne, and the act of omission or commission is the result of willfulness, fraud or intention.

4. WHERE WANT OF ORDINARY CARE HAS CONTRIBUTED TO AN INJURY, PLAINTIFF CAN NOT RECOVER.—A plaintiff, who by his own want of ordinary care has contributed to the injury complained of, can not recover, no matter what the degree of defendant's negligence may have been, provided it is short of that which raises an inference of a willful and intentional wrong. The doctrine of comparative negligence is not applicable to such a case, as the negligence of the plaintiff is ordinary and not slight and therefore not subject to any comparison.

5. COMPARATIVE NEGLIGENCE.—If a plaintiff exercises ordinary care under all the circumstances of the case, and the defendant is negligent, though not to the extent of being grossly so, plaintiff may recover although his care is not of that extreme degree denominated great care, or such as men of extraordinary caution and prudence might have used.

APPEAL from the Circuit Court of LaSalle county; the Hon. J. McROBERTS, Judge, presiding. Opinion filed February 9, 1883.

Mr. SAMUEL RICHOLSON, for appellant; cited Laws of Ill. 1877, p. 165; Robertson v. Dodge, 28 Ill. 163; C. & A. R. R. Co. v. Becker, 76 Ill. 30; Falson v. Town of Underhill, 36 Vt. 591.

In an action of this kind where there is a want of ordinary care on the part of the plaintiff, contributing directly to the injury, the law will not attempt to measure the degree of such negligence, but will forbid a recovery: Walker v. Westfield, 39 Vt. 252; Deher v. Town of Fitchburg, 22 Wis. 677; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; City of Quincy v. Barker, 81 Ill. 300; City of Centralia v. Krause, 64 Ill. 19; Lewis v. B. & O. R. R. Co. 38 Md. 588; C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; Wharton on Negligence, § 133; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; Hanover R. R. Co. v. Coyle, 5 Smith, 396; North Pa. R. R. Co. v. Hulman, 13 Wright, 60.

A municipality can have no vested rights in the exercise of the police power of the State, even although it has been delegated by the legislature: State v. R. R. Co. 13 Md. 339; Coles v. Madison Co. Breese, 154; Rankin v. Baird, Breese, 165; Holliday v. The People, 5 Gilm. 216; Dillon on Municipal Corporations, Chap. 18, § 556.

Messrs. LELAND & GILBERT, for appellee; that a railroad company can be held guilty of negligence, even although it run its trains at a less speed than the ten miles provided by statute, cited Wabash R'y Co. v. Henks, 91 Ill. 412.

As to a failure to provide a flagman being negligence: C. & St. L. R. R. Co. v. Knutson, 69 Ill. 166.

The city had power to pass the ordinance in question: C. B. & Q. R. R. Co. v. Haggerty, 67 Ill. 115; St. L. & T. H. R. R. Co. v. Dunn, 78 Ill. 200.

As to rule of comparative negligence: Pa. Co. v. Conlan,

101 Ill. 93; Great West. R. R. Co. v. Haworth, 39 Ill. 353; C. & A. R. R. Co. v. Pennell, 94 Ill. 448.

PILLSBURY, P. J. This suit was brought by the appellee under the statute to recover damages sustained by the death of her intestate, and husband, Bernard Dougherty, alleged to have been caused by the negligence of the appellant.

The deceased was driving a team of horses attached to a lumber wagon, along Columbus street in the city of Ottawa toward his home, and as he was about to cross the track, a passenger train came upon him, and his off horse backing, the side of the engine, or car, struck the tongue of the wagon swinging it suddenly around, killing the near horse and throwing Dougherty forward out of the wagon, and so close to the rail that a passing wheel crushed one side of his head, causing instant death.

A boy about seven years old, by name of Atkinson, was in the wagon with the deceased, and he, also, was thrown out, and severely though not fatally injured. The appellee bases her right of recovery upon the alleged negligence of the appellant in running its train at a high and dangerous rate of speed over the crossing, in not having a flagman stationed there to give warning of the approach of trains, and in failing to sound a whistle, or ring a bell, as required by statute. The appellant claimed that it was free from negligence, and that the proximate cause of the death of Dougherty was his own want of care in attempting to cross the track without taking proper precaution to ascertain whether the train was approaching.

There was evidence introduced tending to prove the claims of the respective parties, and as we feel constrained to reverse this judgment for errors of law, we do not consider it necessary or advisable to express any opinion upon the weight of the evidence in the cause.

On the trial, the plaintiff was allowed to introduce in evidence an ordinance of the city of Ottawa, limiting the speed of all trains within the limits of the city to five miles per hour, and as the proof, even upon the part of the defendant

below, shows that the train was running at least eight miles per hour, it is urged that the negligence of the defendant was clearly proven. When the city granted the right of way to the Ottawa, Oswego & Fox River Valley Railroad Company, the lessor of the appellant, through the city in 1867, one section of the ordinance permitted trains to be run at a speed of five miles only per hour, subject to such ordinances as the city council should from time to time pass regulating the speed and motive power within said city.

At the time this ordinance was passed, there was no statute, prescribing the rate of speed that should be incorporated in such ordinance. It may be conceded that the ordinance, at the time it was passed, was authorized by the general powers of the city to regulate the police of the municipality: C. B. & Q. R. R. v. Haggerty, 67 Ill. 113, and by implication, at least, by the statute of 1865, Sess. Law, page 103, but this statute was subsequently amended by inserting a *proviso*, that no ordinance should limit the speed of the trains to less than four miles per hour. But at the time of the accident in this case, the statute in force provided that, "Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town, or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property of such person by such train, locomotive engine or car; and the same shall be presumed to have been done by the negligence of said corporations or their agents; *Provided,* that no such ordinance shall limit the rate of speed, in case of passenger trains to less than ten miles per hour, nor in any other case to less than six miles per hour." Laws of 1877, page 165, and all the other acts in conflict therewith, were expressly repealed. The ordinance was but a police regulation for the safety of persons and property and as such it was competent for the legislature to limit its operation as it might deem proper for the public good, or to entirely withdraw the power to pass such municipal laws. Cities have no such vested right in the powers conferred upon

them for civil, political or administrative purposes, as to deprive the legislature of the power to regulate such matters by subsequent enactment, when in its wisdom the public good demands a change of policy.

For an ordinance of this character to have the effect of raising the presumption under the statute, that an injury results from the negligence of the railroad company in running its trains at a rate of speed prohibited by it, the provisions of the ordinance should conform to the statute in that regard. The statute creates the presumption of negligence in favor of parties injured in person or property when an ordinance of the city limiting the rate of speed to ten miles per hour has been violated, and while the railroad is thus violating it an injury occurs; but as the statute declares that no such ordinance shall limit the rate of speed of passenger trains to less than ten miles per hour, we are of the opinion that one that does, can not be competent evidence in a suit between the railroad company and a third party claiming to recover for injuries alleged to be caused by negligence. It can have no bearing upon the question of negligence of the respective parties since its provisions are not such as the statute makes essential in order that the statutory effect shall follow from its violation. An ordinance limiting the rate of speed to a less degree than that named in this section of the statute must, if any effect is to be given to it, be treated as existing under the general powers of the city, without regard to this special provision of the statute, and not intended by the city as a means by which to establish the fact of negligence against such railroad company in favor of third parties.

Whether the city of Ottawa can enforce this ordinance against any railroad company to the extent of recovering the penalty prescribed for its violation, is a question not raised by this record, and we wish to be understood as only holding upon the point under consideration that this plaintiff can not avail of its provisions as evidence to raise the statutory presumption of negligence by the defendant, or as an excuse for the want of proper care by her intestate, it not being sufficient for such purpose under the statute; the

fact of defendant's negligence must be established as at common law.

At the same time it must be understood that the statute does not license a speed of ten miles per hour if that rate, under the circumstances, would be negligence. As was said in the case of Wabash Co. v. Henks, 91 Ill. 406, it is a misapprehension to treat the statute as a license to run at the rate of speed not exceeding ten miles per hour. "The law prohibits their running at a greater rate of speed. But if in some places in a city that would be a dangerous rate, it would be negligence to run at that speed; they must conform the rate to the safety of the public at all places in the city where persons have an equal right to travel as the company have to run their trains. The legislature had no intention to permit engineers to run at such a rate of speed, where it would necessarily or even probably produce the death of individuals." Proportioned to the danger to persons and property in running trains through populous localities, and at crossings of streets and highways where persons may reasonably be expected to be passing, must be the care exercised to avoid injury.

We conclude that the ordinance in question was improperly introduced in evidence. Its effect must have been to cause the jury to believe that running at eight miles per hour, the speed admitted by the engineer, was negligence *per se*, as being in direct violation of the law of the municipality. It is also urged that the court erred in giving to the jury the instructions for the appellee, and modifying those given for appellant, and in refusing others asked. To a proper understanding of the question made, we insert the second and sixth of plaintiff's instructions.

2d. "Negligence is a want of ordinary care, and ordinary care as applicable to this case is such care as men of ordinary sense and prudence are accustomed to exercise in affairs of their own of the same importance and risk."

6th. "The jury are further instructed that, though they may believe from the evidence that Bernard Dougherty was guilty of negligence in approaching and attempting to cross the

track on the occasion in question, yet, if they further find from the evidence that the railroad company was also guilty of negligence, and that Dougherty's death was caused thereby, and they further find from the evidence that Dougherty's negligence was slight and that of the railroad company was gross, in comparison with each other, then such negligence on the part of Dougherty will not prevent his administratrix from recovering damages in this suit."

The court modified the instructions asked by the defendant, to conform to the principles announced in the above instructions in the application of the doctrine of comparative negligence. The jury are told in the second instruction that " negligence is a want of ordinary care," and by the sixth, that if Dougherty was negligent, that is, failed to exercise ordinary care, he could still recover if his negligence was but slight, and that of defendant was gross, in comparison therewith. This ruling of the court raises the question whether a plaintiff, who has failed to exercise ordinary care, can be said to be in a position to avail himself of the doctrine of comparative negligence, as now understood and applied in the courts of this State.

Negligence as defined by Alderson, B., in Blythe v. Birmingham Water Works Co. 11 Exch. 781, and quoted with approval in Railroad Co. v. Jones, 95 U. S. 439, consists in " the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a reasonable and prudent man would not do." As stated in Baltimore v. Holmes, 39 Md. 243: " It is the want of such care as a man of ordinary prudence would use under similar circumstances." The same definition is found in Bizzell v. Booker, 16 Ark. 308. It is said to be the opposite of care and prudence, by Walker, J., in Haworth's case, 39 Ill. 348, and by Craig, J., in C. & A. R. R. v. Pennell, 94 Ill. 449. In its practical application to the affairs of mankind, it may be said that negligence is the want, or the absence of that degree of care and attention required by all the circumstances of each particular case in which the question may

arise, or as, very tersely and yet most comprehensively, defined by Dickey, J., in Stratton's case, 95 Ill. 25, "negligence is the failure to exercise the care required by law." Negligence can not exist where the duty enjoined is omitted, or the act done is required to be forborne, and the act of omission or commission is the result of willfulness, fraud, or intention, for where they commence, negligence ceases. And when both parties are free from negligence and an injury occurs, as it frequently does, the result must be attributed to pure accident and neither party is liable to the other on the ground of negligence. Between injurious acts, resulting from pure accident and those of willfulness or intention, is the field of negligence, in which it ranges through all its various degrees, and while in contemplation of law it never amounts to willfulness or intention, yet it is evidence from which, if sufficiently gross, their existence may be inferred by the jury. If, then, negligence is, in the language of Mr. Justice Dickey, a "failure to exercise the care required by law," it would seem that in any given case, in order to determine whether the plaintiff has been negligent, it is essential to first ascertain the degree of care to be exercised by him required by the law, and then from the proofs to inquire whether he has neglected to comply with such rule of conduct.

It was said in Grimes' case, 13 Ill. 585, and reaffirmed in Jacobs' case, 20 Ill. 478, that "the degree of care which the plaintiff is bound to exercise will be found to depend upon the relative rights or position of the parties in relation to the rights exercised or position enjoyed by the plaintiff at the time the injury complained of happened. As growing out of these relative positions of right, two classes of cases will be found: Where both parties are equally in the position of right, which they hold independent of the favor of each other, the plaintiff is only bound to show that the injury was produced by the negligence of the defendant, and that he exercised ordinary care or diligence in avoiding it, or that by the exercise of ordinary care he could not have avoided it." The other class of cases referred to by the court is where the plaintiff was either unlawfully or wrongfully in the position where he was

injured, or was there by the favor of the defendant when a different rule was applied not necessary for us to notice in this connection, as here there can be no question that the deceased had equal right to pass over the crossing as the appellant had to run its trains over the highway, and our inquiry upon this branch of the case is to ascertain the care required by law of the deceased while in the exercise of such right. The court, in the same case, quotes from the case of Beers v. Railroad, 19 Conn. 566: "The rational rule and the one as we think established by the best authorities in reference to the care incumbent on the plaintiff is, that it must be ordinary care, as it is termed, which, as stated by Lord Denman, C. J., in Lynch v. Nurdin, 1st Ad. & El. N. S. 366 (41 E. C. L. 422, 425), in interpreting the phrase as used by Lord Ellenborough in Butterfield v. Forrester, 11 East, 600, means that degree of care which may reasonably be expected from a person in the plaintiff's situation and is synonymous with reasonable care"; and from Kinnard v. Burton, 12 Shepley, 39, and then proceeds: "In all these cases it will be observed that the plaintiffs were exercising their undoubted rights, with which the defendants had no right to interfere at the time the injury complained of was inflicted, and in such case I have no doubt the plaintiff is only bound to exercise that degree of care which may reasonably be expected from a man of ordinary prudence in such a situation." Lawrence, J., in Coursen v. Ely, 37 Ill. 338, which was a case involving negligence of the parties, says: "If in cases of this character the defendant has been guilty of negligence, and the plaintiff has shown all the care and skill which can be expected from men of ordinary prudence in like circumstances, then the plaintiff is entitled to recover."

This has been settled by repeated decisions of this court in referring to Grimes' case, *supra;* Dyer v. Talcott, 16 Ill. 300; Fay's case, 16 Ill. 588, and Jacobs' case, 20 Ill. 496. In B. & O. R. R. v. Fitzpatrick, 35 Md. 44, which was a like case, where negligence of the defendant was the ground of recovery and contributory negligence of the plaintiff relied upon as a defense, the court said: "In this case, as in other cases of like character, the degree of care required of the plaintiff to

entitle him to recover, was simply such as should have reasonably been expected from an ordinary prudent person in his situation, that is to say, reasonable care. If he exercised such degree of care, though he may have been guilty of some negligence, or want of caution, he was still entitled to recover for any injury sustained in consequence of the defendant's negligence."

When a plaintiff has exercised that degree of care to avoid injury that a man of common prudence and intelligence would exercise when placed in the same or in a similar situation, whether such degree of care is expressed by the terms "ordinary care" or "due care" as per Endicott, J., in French v. Railroad Co. 116 Mass. 537, or "reasonable care" as in Fitzpatrick case, *supra*, or "due and proper care," as in Schmidt v. Sinnott, 103 Ill. 160, he has fulfilled the measure of the law in this regard as applied to him, and will be entitled to recover, if he further shows that the defendant has failed to exercise the same degree of care, and such negligence is the cause of the injury. The term "ordinary care," it must be remembered, is not absolute, but relative, and the degree of care it implies varies according to the circumstances calling for its exercise: Schmidt v. Sinnott, *supra;* it has relation to the situation of the parties and the business in which they are engaged, and should vary according to the exigencies which require vigilance and attention, conforming in amount and degree to the particular circumstances under which they are to be exerted. Holly v. Boston Gas Co. 8 Gray, 131. As thus understood and applied it becomes the standard fixed by the law by which the rights of the plaintiff are to be measured. To require of the mass of mankind that degree of care which men of ordinary care and prudence possess and would exercise in a similar situation, would be to disregard the safety of mankind in general and subject them to injury by the carelessness of others, without remedy. A plaintiff, therefore, exercising such "ordinary," "due" or "reasonable" care, as the circumstances of the case require, or any higher degree of care, can not be said to be chargeable with contributory, or concurrent negligence, and it would

seem he ought not, in such case, to be under the necessity of invoking in his behalf, the milder doctrine of comparative negligence.

From these considerations, we are disposed to hold that the second instruction given for the plaintiff, standing by itself, is. not objectionable in its definition of negligence as applicable to the case in hand. But the question still remains, arising upon the sixth instruction as construed in the light of the second, what effect has the negligence of the plaintiff, or as assumed by the second instruction his want of ordinary care, upon his right of recovery? In those jurisdictions where the doctrine of contributory negligence is maintained and enforced, it may be said that the rule is, that where the plaintiff's negligence contributes to produce the injury complained of he can not recover, for the principle is that a person can not profit by his own wrong, even though the person sought to be charged with the consequence was equally or even more in the wrong than the plaintiff. Haley v. Railroad, 21 Iowa, 15; Haley v. Earle, 30 N. Y. 208; Wood v. Mears, 12 Ind. 515; Murch v. Railroad, 29 N. H. 9; Fallon v. Boston, 3 Allen, 38; Railroad Co. v. Leahey, 10 Mich. 193; Dix v. Brown, 41 Miss. 131; Neal v. Gillett, 23 Conn. 437; Mayer v. Railroad, 40 Mo. 151; Kellogg v. Hine, 19 La. Ann. 304; Noyes v. Morristown, 1 Vt. 353; Earhart v. Youngblood, 27 Pa. St. 331; Railroad Co. v. State, 29 Md. 420.

But the most rigorous enforcement of the rule of contributory negligence will not debar the plaintiff from a recovery, unless his negligence was *the proximate cause* of the injury. He must by his own want of care have *contributed directly* to the injury. By his own want of ordinary care he must have placed himself in such a position, that his own fault, co-operating with that of the defendant, produced the injury, and his act must have been such as a man of ordinary prudence would not have done under the circumstances of the case. If these elements be wanting he can not be charged with that degree of negligence that will excuse the other party from the consequences of his negligent acts. Lindsey v. Danville, 45 Vt. 72; Stiles v. Geesey, 71 Pa. St. 439; Robinson v. Railroad,

66 N. Y. 11; R. R. Co. v. Brady, 17 Kan. 380; Hackett v. Middlesex Co. 101 Mass. 101; Railroad Co. v. Elliott, 28 Ohio St. 340; Hammond v. Muskwa, 40 Wis. 35; Herrick v. Sullivan, 120 Mass. 576; Johnson v. Railroad, 27 La. Ann. 53. This qualification of the rule, if it may be so called, arises from the statement of the rule itself, for the very term, " *contributory negligence* " implies, that to constitute a bar, the negligence of the plaintiff must *contribute to*, that is, *aid* in producing the injury; for, although the plaintiff may be negligent, yet if the result would have been the same had he exercised the care required, then such want of care as was said in Walker v. Westfield, 39 Vt. 246, did not *contribute* to produce such injury, and it is the same as though he was without fault. That this doctrine of contributory negligence was the rule in this state up to the year 1858, when the decision was rendered in the Jacobs case, 20. Ill. 478, is evident from an examination of the opinion in Talcott's case, 16 Ill. 300; Patchin's case, Id. 198; Fay's case, Id. 559; and in Grimes' case, 13 Ill. 585. In the last case the rule is stated to be that where a party seeks to recover damages for a loss which has been caused by negligence or misconduct, he must be able to to show that his own negligence or misconduct has not concurred with that of the other party in producing the injury, and the burden of the proof is upon the plaintiff to show not only negligence on the part of the defendant, but also that he exercised proper care and circumspection; or, in other words, that he was not guilty of negligence, referring to Lane v. Crombie, 12 Pick. 177.

In the Jacobs case the doctrine of comparative negligence is first announced, and the long line of decisions following and affirming the rule of that case is sufficient evidence that comparative negligence is the established doctrine of our Supreme Court in determining the rights of the parties in cases where an injury has occurred to the plaintiff through the negligence of both parties. In the I. & St. L. R. R. Co. v. Stables, 62 Ill. 313, where an injury occurred at a railroad crossing, Walker, J., in discussing the effect of contributory negligence, said: " Was the defendant in error guilty of negligence; and, if so, to

such an extent as to prevent a recovery? Even if negligent he still may recover if the negligence of plaintiff in error was so much greater, as when compared with that of defendant in error, it was slight. This is the rule in regard to contributory negligence long and uniformly established by numerous decisions of this court; and, in establishing and adhering to it in the many cases in which it is announced, it was done with a full knowledge that other courts apparently announce a different rule, but it is regarded as the settled law of this court."

Or, as was said by Scholfield, J., in C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425: "The doctrine of comparative negligence recognized by this court is, that although the plaintiff may have been guilty of slight negligence contributing to the injury complained of, this will not bar a recovery, provided the negligence of. the defendant resulting in the injury was gross in comparison with that of the plaintiff; * * * and both terms should be expressed in all instructions assuming to lay down the rule."

It is not thought necessary to refer to any other of the numerous decisions of our Supreme Court where the rule has been explained and defined, as the legal point in controversy between the parties here, is not as to the terms of the rule itself, but as to the meaning that should be attached to the term "slight negligence" used to designate the degree of the plaintiff's negligence which, though contributing to the injury, will not bar a recovery. It is claimed by the appellee that the charge of the court as expressed in the instructions above noted, is fully sustained under the doctrine of comparative negligence, and that "slight negligence" should be understood as a slight failure to exercise the care required, that is, ordinary care, and that it is only when the plaintiff has thus failed in his duty to exercise such care, that he is obliged in order to recover, to compare his negligence with that of the defendant. The appellant, on the other hand, insists that by "slight negligence" as understood and applied in the doctrine of comparative negligence, is meant a failure by the plaintiff to exercise *great* care or diligence; in other words, it is used in the absolute legal sense as defined by common law writers

when classifying the degrees of negligence, and the case of this same appellant against Johnson, admr. 103 Ill. 512, is referred to as sustaining its views in that regard.

As the judgment in Johnson's case rendered by the circuit court was affirmed by this court (the judges of this court, however, not agreeing as to the facts), and the instructions therein, after a careful examination, not being deemed erroneous by us, it may not, we hope, be considered amiss to state some of the considerations that led us to such conclusion, especially as they are again urged upon our attention, in support of the charge given to the jury in this case.

We then thought, as we have in a former part hereof endeavored to show, that the standard of care required by the law of the plaintiff was ordinary care, or such care as a person of common prudence and intelligence would exercise under all the circumstances of the case, and when he had thus conducted himself, negligence could not be attributed to him; that it is only the want of such care in cases of this kind that the law imputes to him as a fault. Dreher v. Fitchburg, 22 Wis. 675; Dudley v. Ferry Co. 13 Vroom, 25. That he was not expected or required to exercise *great* diligence or *extraordinary* care.

The bare failure to exercise such a high degree would not necessarily make him guilty of contributory negligence, as he may still be exercising *ordinary* care, although he fails to use the extreme degree of care usually exercised by persons of extraordinary care and caution. The doctrine of contributory negligence does not apply and indeed, can not arise, except in cases where both parties are in fault, for if the defendant has exercised the degree of care required, he does not need to invoke it as a defense, and if the plaintiff has not failed in the measure of care required of him, it can not avail against him. To be available as a defense, the plaintiff must have failed to exercise ordinary care, and such failure must have concurred in producing the injury, and when this is made to appear, the courts adhering to the doctrine will not inquire into the degree of negligence of the respective parties. It was then supposed by us, as now urged by counsel, that the rule of com-

parative negligence was established for the purpose of miti-
gating in some degree the apparent hardship attending the en-
forcement of the former rule, and to permit a plaintiff to main-
tain his action, although he had not in all respects fulfilled the
measure of care required; provided his failure in that respect
was but a slight departure from the care required, and the fail-
ure of the defendant to comply with the same standard was so
great as to appear grossly disproportioned to such neglect of
the plaintiff. Reasoning from these premises, the conclusion
was reached that a neglect of the plaintiff to exercise ordinary
care, thereby contributing to produce the injury, was not con-
clusive against his right of recovery under the milder rule of
comparative negligence, but his right of recovery rather de-
pended upon the extent or degree of his negligence, as well
as that of the defendant. We, perhaps, were influenced in ar-
riving at such conclusion by not fully comprehending the
doctrine intended to be announced in some of the cases where
the question was either directly or incidentally involved.

In Stratton's case, *supra*, the defendant relied upon the con-
tributory negligence of the plaintiff to defeat the action, and
the court below at its instance, instructed the jury in sub-
stance, that it was an essential element to the right of action
that the plaintiff must exercise ordinary care, and a failure to
do so is gross negligence, and that where a person is injured
for want of ordinary care, no action will lie unless the injury
was inflicted *willfully* by the defendant. The plaintiff failing
to recover, appealed, and assigned for error the above charge
of the court, and it was urged in support of such assignment,
that this charge of the court was in violation of the rule of
comparative negligence, as the plaintiff might recover, though
he failed in some respects to exercise ordinary care, if his
neglect in doing so, when compared with the negligence of
defendant, bore the relation of slight to gross. It would
seem that the question of the effect of the rule of comparative
negligence as applied in this State upon the doctrine of con-
tributory negligence as enforced in other jurisdictions, was
clearly presented for determination.

Justice Dickey in delivering the opinion of the court, says:

"The general rule is, that where the plaintiff was himself guilty of negligence which contributed to the injury alleged to have been caused by defendant, he can not recover. In this State it has long been held that that rule is not without its exceptions; and that in exceptional cases where the injury is the result of *gross* negligence in defendant, plaintiff may maintain his action, although his own negligence contributed to the injury, if his own negligence was but slight. The law prescribes the degree of care required in every class of cases; in other words, what is proper care is determined by law, and is to be declared by the court; whether *such* care has, in fact, been exercised in the conduct of a party in a given case, is a question of fact which may properly be submitted to a jury. The law in this case made it the duty of plaintiff to exercise ordinary care."

Commenting upon the charge to the jury he says: "By the eleventh and twelfth instructions given at the request of the defendant, the jury are told that 'if plaintiff failed to exercise ordinary care he was guilty of *gross* negligence; and, also, in the eleventh it is said that where the plaintiff is injured, for want of ordinary care, no action will lie, unless defendant *willfully* inflicted the injury.' These propositions are unsound. Negligence is a failure to exercise the care required by law. In cases where the law requires the exercise of ordinary care, and requires no more, the slightest failure in that regard is negligence. It is plain that in such case a party may exercise some care and yet not so much care as men of ordinary prudence would usually use under such circumstances, and hence would be somewhat at fault; and it is plain that the care so exercised may vary in degree, ranging through every point, from the least possible care which can be regarded at all as care. up to the point where the care so exercised falls short of the standard of ordinary care in the least possible degree. To say, then, that every failure to attain the standard of *ordinary* care, constitutes gross negligence, is palpably an error, and one well calculated to mislead a jury. Nor can it properly be said, as is stated in the eleventh instruction, that 'where a person is injured for want

of ordinary care no action will lie, unless the injury is willfully inflicted by the defendant.' It is a palpable error to say, that where plaintiff fails, in any degree, to use the full measure of care required of him, he can not recover, unless the injury was inflicted 'willfully by the defendant.'"

The observations of Mr. Justice Scholfield, in C., B. & Q. R. R. v. Harwood, 90 Ill. 425, when commenting upon an instruction given at the request of the appellee in that case, would also seem to imply that a plaintiff was not necessarily deprived of the benefit of the rule of comparative negligence from the fact that he had not in all respects exercised ordinary care.

He says: "Appellee's first instruction informs the jury, that, although the deceased did not observe the precautions which an ordinarily prudent man would have observed before attempting to cross defendant's track, still, there may be a recovery if the jury shall believe from the evidence, that this negligence of the deceased was slight in comparison with that of the defendant."

This instruction was held erroneous because the other term of comparison " that the negligence of the defendant was gross"; was not used in the instruction, but no expression is found in the opinion, that the phrase " this negligence of the deceased," as found in the instruction, although it arose from a failure to exercise ordinary care, could not be of so "slight" a character as to enable the plaintiff to compare it with that of the defendant, and if thus found to be within the rule, to authorize a recovery.

Construing these opinions and others, where the rule of comparative negligence has been discussed, as we did, and in view of the other considerations we have noticed, we were led to affirm the judgment in Johnson's case over instructions which after stating the right of recovery if the defendant was negligent and the deceased was not, informed the jury: "But if from all the evidence in this cause, it appears the plaintiff's intestate, Johnson, was not exercising ordinary care, yet the plaintiff may recover provided the jury believe that Johnson's negligence was slight and the negligence of the defendant

gross, in comparison with each other, then the verdict must be for plaintiff."

The Supreme Court in passing upon the case, speaking by Mr. Justice Scholfield, in a well considered and very exhaustive opinion wherein he reviews the cases and fully discusses the law of negligence, comes to the conclusion that the instruction does not correctly declare the doctrine of comparative negligence; and that a plaintiff, who by his own want of ordinary care, contributes to produce the injury complained of can not recover unless the injury was willfully inflicted and that such has been the uniform doctrine of the court. He says that "in holding the plaintiff may recover in an action for negligence, notwithstanding he has been guilty of contributive negligence, where his negligence is but slight and that of the defendant gross in comparison with it, must, of course, be understood the terms 'slight negligence' and 'gross negligence' are used in their legal sense as defined by common law judges and text writers, for, otherwise, the terms would convey no idea of a definite rule. As defined by those judges and writers, these terms express the extremes of negligence. Beyond gross and slight there are no degrees of negligence. The definition of gross negligence itself proves that it is not intended to be subject of comparison. It is 'the want of slight diligence,' slight negligence 'is the want of great diligence,' and intermediate there is ordinary negligence which is defined to be 'the want of ordinary diligence.'" The court, after saying that the word "diligence" as thus used is synonymous with "care" holds that "it can not be legally true, that where the plaintiff fails to exercise ordinary care, and the defendant is guilty of negligence only, the plaintiff's negligence is slight and that of defendant gross in comparison with each other, for the legal conclusion in such case is that the plaintiff is guilty of 'ordinary negligence' and by the very terms employed the negligence of the plaintiff is 'ordinary' and that of defendant 'gross,' and their relation is not changed by comparison."

It is further said that it is a misapprehension to suppose that the opinion in Stratton's case sustains the ruling of the court in regard to the instructions under consideration.

C., B. & Q. R. R. Co. v. Dougherty.

It is plain from an examination of this decision, that a plaintiff who has by his own want of ordinary care contributed to the injury complained of can not recover, no matter what the degree of the defendant's negligence may be, short of that which establishes an inference of a willful and intentional wrong, as a failure in that regard is in its legal sense "ordinary negligence" and therefore not subject to any comparison. That the doctrine of comparative negligence is not applicable to such a case, as the negligence of the plaintiff is "ordinary" and not "slight."

That before a plaintiff can avail himself of the rule of comparative negligence, it must appear that he has been guilty of only "slight negligence" as this term is understood in its legal sense, and as meaning a "want of great diligence," or "great care," and the defendant has been guilty of "gross negligence," likewise used in its legal sense of a "want of slight care."

We might, perhaps, be permitted to say that we do not understand the above opinion as in any manner trenching upon the general rule, that we have attempted to show is recognized by all the courts, that if a plaintiff exercises ordinary care under all the circumstances of the case, and the defendant is negligent, though not to the extent of being grossly so, he may recover although his care is not of that extreme degree denominated "great care" or such as men of extraordinary caution and prudence might have used. This opinion being an authoritative exposition of the doctrine of comparative negligence, and in what state of the evidence in any given case it can be applied, it of course becomes the rule by which all inferior courts must be governed in adjudicating upon the rights of parties before them, and under it we are constrained to hold that the court below should not have allowed the jury to apply the doctrine of comparative negligence in favor of the plaintiff, if they should find his negligence amounted to a want of "ordinary care" or according to its legal sense "ordinary negligence."

Complaint is also made that the court refused some of the instructions asked by the appellant, and improperly

modified others before giving them. Under the authority. of the Penn. Co. v. Conlan, 101 Ill. 106, the court very properly refused each and every instruction *not given* to the jury, as they inform the jury that certain facts therein recited, if found to exist would *per se* constitute gross negligence on the part of the plaintiff. Courts will not undertake to tell the jury that certain facts constitute negligence. .It is their province to inform the jury of the measure of care required, and that a failure in that regard is negligence, and leave to them the question whether the parties or either of them are negligent under the facts as they shall appear from the evidence. We do not now propose to state what impression the evidence makes upon our minds as to the negligence of the parties hereto, but reverse the judgment and remand the cause for the errors indicated.

Judgment reversed.