## CHICAGO, BURLINGTON & QUINCY RAILROAD CO.
### v.
### BRIDGET DOUGHERTY, Adm'x.

NEGLIGENCE—SIGNALS.—An instruction was given that if appellant negligently failed "to give such signals of the approach of the train as to enable Dougherty, the deceased, to ascertain the approach of said train," and he was in the exercise of due care, then the jury should find for appellee. It was claimed as error that such an instruction held the appellant must make the signals so loud that the deceased should hear them, whereas the statute only required certain signals should be given. *Held*, that as an examination of the evidence shows that no question was made as to the loudness of the signals or that if given the statute was not complied with, the only question before the jury being whether there were any signals at all, the jury could not have been misled to appellant's injury.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed February 5, 1884.

Mr. SAMUEL RICHOLSON, for appellant; as to sounding of signals, cited Manly's Case, 58 Ill. 307; C., R. I. & P. Ry. Co. v. Houston, 95 U. S. 697; Gorton v. Erie Ry. Co., 45 N. Y. 660; Heavens v. Erie Ry. Co., 41 N. Y. 296.

As to evidence in estimating speed of train: I. C. R. R. Co. v. Goddard, 72 Ill. 568; Peoria Bridge Ass'n v. Loomis, 20 Ill. 235; C. & N. W. Ry. Co. v. Sweeney, 52 Ill. 325; Bellfont R. R. Co. v. Hunter, 33 Ind. 335; Artz v. R. R. Co., 34 Ia. 153; Earlville v. Carter, 2 Bradwell, 34; R. R. Co. v.

McKean, 40 Ill. 218; C. & A. R. R. Co. v. Robinson, 9 Bradwell, 89; L. S. & M. C. R. R. Co. v. Sunderland, 2 Bradwell, 307; R. R. Co. v. Pflugmacher, 9 Bradwell, 300; Garland v C. & N. W. R. R. Co., 8 Bradwell, 571.

Messrs. LELAND & GILBERT and Messrs. MAYS & WIDMER, for appellee; as to burden of proof, cited Mayo v. Boston, etc., R. R. Co., 104 Mass. 137; Cook v. Met. R. R. Co., 98 Mass. 361; Johnson v. Hudson R. R. R. Co., 20 N. Y. 64.

PER CURIAM. This case was here on a former appeal, and the facts are fully stated in our former opinion (12 Bradwell, 181,) and the record shows that substantially the same facts were proved on the last trial. The judgment was reversed on account of certain errors committed by the court in giving instructions in regard to the doctrine of comparative negligence and some errors in regard to the admission of improper evidence, but on the last trial those errors were avoided. The appellee offered and the court gave on her behalf only one instruction, and that is complained of by the attorney for appellant, mainly for the alleged error that the court incorrectly laid down the law to the jury on the question of the duty imposed by the statute on a railroad company to ring a bell or sound a whistle on the approach of its engine and cars to a public highway or crossing.

The criticism made upon the instruction is that it was erroneously laid down as the law, that if the appellant negligently failed "to give such signals of the approach of the train as to enable Dougherty, the deceased, to ascertain the approach of said train," and he was in the exercise of due care, then the jury should find for the appellee; thus, it is claimed, holding the appellant must make the signals so loud that the deceased should hear them, whereas the statute only requires certain signals to be given. It may be admitted that some sanction can be found in such claim of error in P. P. & J. R. R. Co. v. Siltman, 67 Ill. 72, but after an examination of the evidence we find that no question was made as to the loudness of the signals, or that if given the statute was not complied with; the only question before the jury being whether

there were any signals at all. We think therefore, the jury could not have been misled as to appellant's injury by the instruction. We see no fault in the modifications of the appel-lant's instructions made by the court or in refusing those offered by it, refused. The evidence in regard to the negligence and contributory negligence was all fairly submitted to the jury, and we are unable to say that they were not justified in finding the issues for appellee.

Judgment affirmed.