CARLTON J. SMITH, RESPONDENT, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Negligence — when a person injured, while riding in a wagon driven by another, is chargeable with the latter's negligence.*

This action was brought to recover damages for injuries sustained by the plaintiff, who was riding in a buggy driven and owned by one Johnson, while attempting to cross the tracks of the defendant. The evidence tended to show that the plaintiff was at the time of the accident going on business of his own and had requested Johnson to take him in the buggy; that both of them had been drinking and were somewhat under the influence of liquor, and that Johnson approached the crossing negligently, driving rapidly, and in disregard of signals given by an employee of the defendant.

The court charged that Johnson's negligence would not prevent the plaintiff from recovering unless Johnson was so intoxicated and reckless, apparent to Smith, as to make it dangerous and indiscreet to ride with him. In answer to a request to charge that it was for the jury to say whether it was not negligence for the plaintiff to allow Johnson to drive so rapidly upon the crossing without remonstrance, the court charged that if at any time while the plaintiff was riding with Johnson the latter was driving toward the crossing with such speed that it was apparently dangerous and careless, *and it occurred to the plaintiff's mind that it was so and he assented to it,* then he was a party to it.

*Held*, that the court erred in making the plaintiff's negligence depend upon the question whether it was apparent to him, or whether it occurred to his mind, that Johnson was driving in a heedless and reckless manner, and also upon the fact whether he assented to it.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Erie Circuit, and from an order denying a motion for new trial made on a case.

*George C. Greene* and *Mr. Gluck*, for the appellant.

*Frank Brundige* and *Mr. Lewis*, for the respondent.

SMITH, P. J.:

The action is brought to recover damages on account of injuries sustained by the plaintiff, alleged to have been caused through the negligence of the defendant, at a highway crossing at Wende station, in the county of Erie.

The plaintiff and one Marshall were riding with a Mr. Johnson,

in a buggy drawn by a single horse, owned and driven by Johnson. These persons, together with a Mr. Bush, had been together at the plaintiff's tavern at Millgrove, Erie county, for some time on the 20th of July, 1878, and about four o'clock in the afternoon of that day they started to go to Alden. Bush went a little ahead alone in his buggy, and there is evidence in the case tending to show that the two horses were driven at considerable speed, and that all the parties had been drinking at the plaintiff's tavern before they started, and were somewhat under the influence of liquor. The highway along which they traveled crossed the defendant's road about a mile south of Millgrove. There was also evidence tending to show that as the men approached the railroad tracks they did not slacken their pace, and that an employe of the railroad company, who saw them approaching, stood in the highway at the crossing and waved his hands and hallooed, to indicate to them that there was danger in attempting to cross the track. As they were approaching the track a train of forty-eight cars was also approaching the crossing from the east, at a rate of speed of fifteen or sixteen miles an hour. There was also evidence tending .to show that a person standing on the ground 200 feet north of the crossing, in the highway, and· looking toward the east, could see a train ninety rods away. The evidence was conflicting as to whether the whistle was sounded or the bell rung, as required by statute, by the approaching train. It appeared by the evidence that Bush, who was about two rods in advance, crossed the track in time to escape the train, and that the other parties in the following wagon were struck by the engine, and the plaintiff then received the injuries of which he complains. There was evidence tending to show that, assuming that the employe of the company was signaling, as the testimony tended to show, the persons in the two buggies either failed to see him or disregarded his signals. The plaintiff testified that he was going to Alden on his own business and that he proposed to Johnson, who had a good horse and covered buggy, to take him over there. There was no other testimony as to the relation existing between Smith and Johnson, the owner of the conveyance.

The learned judge charged the jury, that if the defendant was negligent and the plaintiff was free from negligence, he might

recover, although Johnson was guilty of negligence, which contributed to the injury, "unless the jury should find as a fact, that Johnson himself was in such a state of intoxication and so heedless and reckless, and apparent to Smith, that it was dangerous and indiscreet to take a seat and ride with him." The defendant excepted to that instruction.

Defendant's counsel requested the court to charge that it was for the jury to determine whether it was not negligence for Smith to allow Johnson to drive so rapidly upon the crossing without remonstrance. In reply to that request, the court charged that if at any time while Smith was riding with Johnson, and Johnson was driving toward the crossing with such speed that it was apparently dangerous and careless, and it occurred to Smith's mind that it was so, and he assented to it, then he is a party to it. The defendant's counsel excepted to the refusal of the court to charge as requested, and to the charge as made.

It seems to us that the portions excepted to were erroneous in making the question, whether Smith was negligent in not remonstrating with Johnson, depend upon the fact that it was apparent to Smith or occurred to his mind that Johnson was driving in a heedless and careless manner; and also, upon the fact whether he assented to it. We conceive that if Johnson's manner of driving was so heedless and careless, as that Smith, in the exercise of ordinary care, would have perceived it, and he failed to do so, and to remonstrate. with Johnson he was chargeable with contributory negligence.

The respondent's counsel contends that there was no evidence that Johnson was the agent or servant of Smith or in any manner under his control, or subject to his order, or identified with him in business or purpose, and he cites, among other cases, *Robinson* v. *New York Central and Hudson River Railroad Company* (66 N. Y., 11) and *Dyer* v. *Erie Railway Company* (71 N. Y., 228.) Those cases are distinguishable from the one before us. In the first, the plaintiff had accepted an invitation to take a ride with a person every way competent and fit to manage a horse. In the second case, the plaintiff traveled in a vehicle over which he had no control, voluntarily and gratuitously, at the invitation of the owner and driver, who was competent to control and manage the team, and was traveling entirely on business of his own. In this case, the

owner of the horse and vehicle was conveying the plaintiff at the request and solicitation of the latter, upon the latter's own business, and there was evidence tending to show that at the time, the owner and driver was, to the knowledge of the plaintiff, not in a fit condition to control his horse at so dangerous a place as the railroad crossing in question, and that he managed his horse in a careless and reckless manner. Notwithstanding the owner was not the agent of the plaintiff or employed by him for hire, yet he was acting at the plaintiff's solicitation and in furtherance of the plaintiff's business. In view of the circumstances, we think it was the duty of the plaintiff, in the exercise of proper care, to have remonstrated with him and to have used all proper effort and influence on his part, to effect a safe crossing of the defendant's track. In the case of *Robinson* (*supra*), Chief Justice CHURCH, delivering the opinion of the court, remarked : " It is not claimed but that Conlon (the driver) was an able-bodied, competent person to manage the establishment, nor that he was intoxicated, or in any way unfit to have charge of it." From this it is to be implied that, in the view of the court, if the circumstances in this case respecting the competency and condition of the driver had existed in that, the court might have held the negligence of the driver imputable to the plaintiff.

We do not see that the question we have discussed was adverted to in the opinion of the judge who denied the motion for a new trial at the Special Term.

For these reasons we think the judgment and order appealed from should be reversed, and a new trial granted, costs to abide event.

HAIGHT and BRADLEY, JJ., concurred; BARKER, J., not sitting.

Judgment and order reversed and new trial ordered, costs to abide the event.