CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

NOAH C. PERKINS, ADMINISTRATOR.

*Railroads—Action for Damages for Causing Death of Plaintiff's Intestate—Conflict of Evidence—Questions for Jury—Death of Administrator—Change of Venue.*

1. In an action against a railroad company to recover damages for causing the death of the plaintiff's intestate at a street crossing, it is *held:* That it was for the jury to find whether the defendant's train was running at a dangerous rate of speed under the circumstances, and whether a proper

regard for the safety of individuals and property did not require the defendant to keep a flagman at the crossing in question, the evidence tending to show it to be a dangerous one.

2.   Where the evidence is sharply conflicting and there is no error of law, this court will not interfere with the verdict of the jury.

3.   Upon an application for a change of venue on account of the alleged prejudice of the presiding Judge, it is the proper practice to change the venue to another Judge of the same circuit.

[Opinion filed January 27, 1888.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. RICHOLSON & GENTLEMAN and O. F. PRICE, for appellant.

Messrs. DUNCAN, O'CONOR & GILBERT and MAYO & WIDMER, for appellee.

*Per Curiam.* This suit was commenced in the Circuit Court by Bridget Dougherty, administratrix of Daniel Dougherty, deceased, her husband, who was killed September 7, 1881, at Columbus Street crossing in the City of Ottawa by a passenger train of the appellant. It was commenced under the provisions of the statute by the then plaintiff, to recover damages for the wrongful killing of the said Dougherty. The cause has been twice tried by a jury (before the present trial) the verdict and judgment resulting in favor of the plaintiff.

After the first trial and judgment the cause was appealed to this court and upon a hearing here the judgment was reversed and the cause remanded, on account of the admission of improper evidence in favor of the plaintiff and on account of giving for plaintiff improper instructions violating a rule of law concerning the doctrine of comparative negligence.

The opinion will be found in 12 Ill. App. 181. After the cause was remanded to the Circuit Court for a re-trial, it was again tried before a jury, the verdict and judgment resulting in the same way. Upon another appeal to this court the judgment on hearing was affirmed. 14 Ill. App. 196. The

cause was then appealed from this to the Supreme Court and by that court the judgment was reversed and the cause remanded here with directions to reverse the judgment of the Circuit Court and remand the cause to that court for another trial. The opinion of the Supreme Court will be found in 110 Ill. 521. While the cause was pending in the Supreme Court Bridget Dougherty resigned as administratrix and Lothrop Perkins was substituted as administrator *de bonis non.* After the reversal of the judgment in the Supreme Court and before the mandate of the Supreme Court was carried out by this court, the said last named administrator died, and upon the suggestion of his death being entered in this court and upon motion the present appellee was substituted in his place as the administrator of the said estate; and the cause was tried in the court below in the name of the present appellee as plaintiff.

The negligence relied upon by appellee, and charged against the appellant in the declaration, is that while the deceased, Dougherty, was in the exercise of due care and caution, the appellant, while approaching the crossing where the injury was inflicted on the deceased, ran its train at a high and improper rate of speed, failed to ring a bell or sound a whistle, as required by the statute, and neglected to keep a flagman at the crossing to give warning of approaching trains, by means of which said negligent acts, and each of them, the deceased came to his death by being run over by the approaching train. The issues were tried by a jury, and to entitle the appellee to recovery it was incumbent on him to show and prove by a preponderance of the evidence some one of the above negligent acts charged; and also that at the time the accident occurred and immediately before the occurrence, while the deceased was approaching the crossing, he was in the exercise of the care and caution that a reasonably prudent person would exercise under the circumstances.

It is strenuously insisted that the appellee failed to establish the affirmative of the above named issues and that the verdict was manifestly against the weight of the evidence. When the case was in this court on its last appeal, we examined the

evidence on those points as it then appeared and were satisfied that it was sufficient to sustain the verdict and so held and affirmed the judgment. We said in the opinion in commenting on the weight of the evidence, that "the evidence in regard to the negligence and contributory negligence was all fairly submitted to the jury and we are unable to say that they were not justified in finding the issues for appellee."

It is insisted, however, that the evidence on the last trial was materially different and stronger for the appellant than it was on the former. We have carefully examined it again and duly weighed it, but do not find that in the main and controlling features it is different from what it was on the former trial.

It appears that the crossing where the accident occurred was a dangerous one on account of some trees and a dwelling house standing near the railroad track on the south side interfering with the view to the east from Columbus Street, whence the train causing the injury approached. The crossing was a public thoroughfare, much used by travelers with teams and by people on foot, those crossing being liable to pass at any moment. Under such circumstances, it was for the jury to say what was a safe rate of speed for the train to run, and also whether a proper regard for the safety of individuals and property did not require the appellant to keep a flagman at the crossing for the purpose of warning passers-by of the approach of trains. The evidence tended to show that the crossing was a dangerous one, and that the train was running at the rate of fifteen or twenty miles per hour. It was for the jury to find whether this was the rate at which the train ran and whether it was a dangerous rate of speed under all the circumstances.

With the finding in the affirmative on these issues we are not at liberty to interfere, unless it clearly and at first blush appears that it was contrary to the weight of the evidence. This we do not feel justified in doing; but it is insisted the more dangerous the crossing the more care should be used on the part of the deceased in his approach with his wagon and team, which he was driving at the time, as he was familiar

with the crossing. This is undoubtedly true, and the jury, no doubt, as it was instructed to do, took that fact into due consideration. But if the jury found that the engine was being driven at too high a rate of speed, it may have considered this to have been the proximate cause of the accident, and that in approaching the train the deceased was not, as a prudent man, bound to take into account that the appellant would run its train in a negligent and improper manner; and the jury may have found that the deceased took all the care necessary to preserve his safety had the train been properly run. The case is not entirely free from doubt, and had the jury found the other way we would not have felt ourselves called on to interfere. Neither do we feel authorized to interfere with the verdict as it is. Three juries have found the same way on substantially the same evidence, to the first of which we have already given our sanction.

The appellee asked and the court gave no instructions for him. The appellant asked twenty-four and the court gave on its behalf nineteen elaborate instructions, in which the law, as applicable to the evidence, was clearly and minutely laid down, and as favorable for the appellant as it had a right to ask. The modifications made to several of them were not important and did appellant no harm.

The appellant made a motion for a change of venue on account of the alleged prejudice of the presiding Judge, and the Judge changed the venue from himself to another Judge of the same Circuit Court, before whom the case was tried, and refused to change the venue from the county. This the appellant objects to as error.

The statute passed in 1874, Sec. 2, Chap. 146, R. S., provides that " when a change of venue is granted it may be to some other court of record of competent jurisdiction in the same county or in some other convenient county to which there is no valid objection; *provided*, that when the action is pending in either the Circuit or Superior Court of Cook County, and the only causes for change of venue apply to one or more, but not all the Judges of such court, the case may be tried before one of the Judges of such court to whom the causes do not apply."

This statute was passed before the present law giving three Judges to the same circuit, and in the then condition of the law it was proper to send the cause out of the circuit, but under the present law there is no longer any reason for it. We regard the statute as being modified by the new statute. There is no longer any reason remaining why the cause should be sent out of the county or circuit.

Ever since the new law went into effect giving three Judges to the same circuit, it has been the universal custom of the circuit Judges in this State, so far as we know, not to send a civil case out of the county where it was pending, when an affidavit was filed for change of venue on account of the prejudice of one of the Judges; but the practice has been to call in one of the other Judges in the same circuit to try the case. This practice is fully justified by the former decisions of the Supreme Court in analogous cases. Curran v. Beach, 20 Ill. 259; Myers v. Walker, 31 Ill. 353, 366; Com. In. Co. v. Mehlman, 48 Ill. 313.

We see no error in the substitution of the appellee as administrator instead of the former administrator who is deceased. We see no cause to claim a variance between the proof and declaration.

Seeing no cause for error the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*