# The Peoria, Pekin and Jacksonville Railroad Co.

## *v.*

## Gerhard H. Siltman.

1. Negligence—*as to duty of ringing bell, etc.* In a suit to recover damages from a railroad company for injuries caused by a collision with the company's train, the court instructed the jury, on the part of the plaintiff, "that railroad companies are bound, in crossing public highways, to have a bell of at least thirty pounds weight, or a steam whistle, placed on each locomotive engine, which shall be rung or whistled at the distance of at least eighty rods from the place where the railroad crosses any public street or highway, and which shall be kept ringing or whistling until such street or highway is reached, *so as to apprise persons of their approach:*" *Held*, that the instruction did not state the law correctly, the words italicized requiring a higher duty than the statute imposes.

2. In the same case, the court, on behalf of the plaintiff, instructed the jury, "that if they believe, from the evidence, that a bell was not rung, or the whistle not sounded, at a distance of eighty rods from the crossing, and kept ringing or whistling till the crossing was reached, *and the plaintiff was lulled into security by the reason of such neglect* on the part of the defendant, then the plaintiff would have the right to recover, even though he were guilty of slight negligence:" *Held*, that the instruction was erroneous and calculated to mislead, as it omits to submit the question whether the injury was sustained by reason of the neglect to ring the bell or sound the whistle and continue the same until the highway was reached.

Appeal from the Circuit Court of Mason county; the Hon. Charles Turner, Judge presiding.

This was an action on the case, by Gerhard H. Siltman against the Peoria, Pekin and Jacksonville Railroad Company, to recover for injury to the person and property of the plaintiff, caused by the engine of the defendant striking the wagon and team of plaintiff while in the act of crossing the railroad at a public crossing. The negligence charged was a failure to ring a bell or sound a whistle eighty rods before the train reached the crossing, and to continue such warning

until the crossing was reached, and in not using proper care and effort to stop the train before the collision.   The defendant pleaded the general issue.   A trial was had, resulting in a verdict and judgment for the plaintiff, and the defendant appealed.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Messrs. LACEY & WALLACE, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court :

This was an action on the case, by appellee against appellant, to recover damages for an injury to the person and property of the former, resulting from the negligence of the latter and its servants.   The right to recover was placed, upon the trial, principally upon the ground of failure on the part of the employees of the railroad company to perform the statutory duty of ringing the bell or sounding the whistle upon the locomotive, before coming to a highway crossing.   On this question evidence was given upon both sides.   For the plaintiff, the court gave the following instructions :

1.   On the part of the plaintiff, the jury are instructed that railroad companies are bound, in crossing public highways, to have a bell, of at least thirty pounds weight, or a steam whistle, placed on each locomotive engine, which shall be rung or whistled at the distance of at least eighty rods from the place where the railroad crosses any public street or highway, and which shall be kept ringing or whistling until such street or highway is reached, *so as to apprise persons of their approach.*

2.   On the part of the plaintiff, the jury are instructed that, if they believe, from the evidence, that a bell was not rung, or the whistle sounded, at a distance of eighty rods from the crossing, and kept ringing or whistling till the crossing was reached, *and the plaintiff was lulled into security by the reason of*

*such neglect* on the part of defendants, then the plaintiff would have the right to recover, even though he were guilty of slight negligence.

The statute prescribes the duty of ringing the bell or sounding a steam whistle, but it does not say that it shall be so done as to apprise persons of their approach. It is thus: "A bell of at least 30 pounds weight, or a steam whistle, shall be placed on each locomotive engine, which shall be rung or whistled by the engineer or fireman at the distance of at least eighty rods from the place where the railroad crosses any public street or highway, and to be kept ringing or whistling until such street or highway is reached, under the penalty," etc., "and the corporation owning the railroad shall be liable to any party injured for all damages sustained by reason of such neglect." (Sess. Laws 1869, p. 308.)

If the statute had declared that the bell was to be kept ringing or the whistle sounding until such street or highway was reached, in such manner as to apprise persons of the approach of the engine, a different duty would be imposed, in the performance of which the engineer or fireman would have to be governed by circumstances, for, if the wind were blowing violently from the direction the train was going, the bell might not be adequate to apprise persons of its approach, but the most violent sounds of the whistle would be required. So that the first instruction does not correctly state the duty to which appellant was, by law, subject, but declared a higher one.

The second instruction omits to submit the question to the jury, whether the plaintiff sustained the damages he sought to recover, by reason of the neglect of the defendant's servants to ring the bell or sound the whistle, or keep the same ringing or sounding until the highway was reached, but declares defendant's liability, if plaintiff was *lulled into security by reason of such neglect.* This is an evasion of the statute, and was calculated to mislead the jury.

As the case was very close upon the evidence as to any right of recovery in the plaintiff, we feel constrained to hold these errors sufficient to reverse the judgment.

The judgment is reversed and the cause remanded.

*Judgment reversed.*