THE TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD COMPANY

*v.*

MARK CLINE.

*Filed at Mt. Vernon November 5, 1890.*

1. NEGLIGENCE—*contributory and comparative negligence—application of the rule—ordinary care.* The doctrine of comparative negligence has application only in a case where the plaintiff has exercised ordinary care.

2. SAME—*of instructions in relation to ordinary care, and comparative negligence.* In an action against a railway company to recover for damages resulting from a collision at a highway crossing, an instruction, as modified by the court, told the jury, that if they believed, from the evidence, that the plaintiff failed to exercise ordinary care, and if by the exercise of such ordinary care he could have avoided the injury, then he could not recover, unless it was further believed, from the evidence, that the defendant was guilty of gross negligence: *Held,* that the necessary implication from the latter part of the instruction was, that gross negligence on the part of the defendant would obviate the necessity of ordinary care on the part of the plaintiff, and that in that regard it was erroneous.

3. In the same case, the court instructed the jury, on behalf of the plaintiff, that they had "the right, under the law, to compare the negligence of the plaintiff and defendant, * * * although the jury may believe, from the evidence, that the plaintiff was not wholly without negligence, yet if you further believe, from the evidence, that the defendant was guilty of gross negligence while the plaintiff was only guilty of slight negligence, then such slight negligence on plaintiff's part will not prevent a recovery :" *Held,* that the instruction was equivalent to informing the jury, as matter of law, that the plaintiff had exercised ordinary care, and submitting to them the question, only, of the gross negligence of the defendant.

4. SAME—*duty of persons approaching a railway crossing.* The omission of a person approaching a railway crossing to look or listen for a coming train does not necessarily, and as a matter of law, constitute negligence.

5. SAME—*signals on approaching highway crossing—liability in case of their omission—contributory and comparative negligence.* The statute imposes a liability upon railway companies for all damages sustained by reason of a neglect to either ring a bell or sound a whistle when approaching highway crossings. The neglect of this statutory

duty must, however, be the cause of the injury, to make a railway company liable.

6. An instruction for the plaintiff in an action for an injury received from a locomotive at a railroad and highway crossing, told the jury, "that while a passing train, from its force and momentum, will have the preference in passing first, yet those in charge of it are bound to give reasonable warning, so that a person about to cross with a team and wagon may stop and allow the train to pass, and such warning must be reasonable and timely, so far as the circumstances will reasonably admit." The only negligence charged to which the instruction applied, was a failure to ring a bell or sound a whistle : *Held,* that if the instruction was based upon the statutory duty, it declared a higher duty than the statute imposed, and if based on the common law duty to give reasonable warning of the approach of the train, it was broader than the averment in the declaration.

7. An instruction in such case, that if the jury believed, from the evidence, that in consequence of the neglect of the railroad company to ring a bell or sound a whistle, and keep the same ringing or sounding until the highway crossing was reached, the plaintiff was lulled into a false sense of security, and that in attempting to cross the track he was struck and injured, as charged, then the plaintiff, though somewhat careless in looking out for trains, might recover, provided the jury should, upon a comparison, be of the opinion, from the evidence, that the negligence of the defendant was gross and plaintiff's only slight, is misleading and erroneous. Even if the omission may have lulled the plaintiff into a false sense of security, it does not follow that such neglect on the part of the railway company occasioned the injury.

8. In the same case, the defendant asked the court to instruct, that if the jury "believe, from the evidence, that the plaintiff, at the time he sustained the injury, was so attracted in a different direction that the noise of the bell or the whistle would not have attracted him, or that the wind was so strong that he would not likely have heard it in his then state of mind, then the failure to ring or whistle would not be such negligence as would enable plaintiff to recover for such failure :" *Held,* properly refused, as argumentative, and invading the province of the jury, and wrong in substance.

9. Pleading and evidence—*recovery must be upon the issues made by the pleadings.* Where a plaintiff, in his declaration, bases his right to recover of a railway company upon a breach of statutory duty, and makes no general averments of any neglect of duty, he will not be entitled to an instruction placing his right of recovery upon a common law neglect of duty. He must recover upon the grounds shown by his pleadings.

10. Instruction—*when great accuracy required.* Where the vital and controlling issue submitted to a jury is whether the plaintiff, at the time of receiving an injury, was in the exercise of ordinary care, or whether he was guilty of such contributory negligence as to bar his right of recovery, in a close case upon such issue it is of great importance that the jury should be accurately instructed.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Fayette county; the Hon. Jacob Fouke, Judge, presiding.

This was case, to recover damages for personal injuries, and for injuries to a team of horses and a wagon. The injuries were received at a crossing of a public highway and the railroad of appellant.

The declaration contained five counts. The negligence charged in the first count was, that "the defendant then and there ran a certain locomotive engine upon said railroad up to and across the said public highway at said crossing, and in so doing no bell was rung or whistle sounded by any one in charge of said engine, but therein the defendant wholly failed, contrary to the statute in such case made and provided, by means and in consequence of which default," etc. The negligence charged in the second count was, that the engine was being propelled backward, and that the servants of defendant in charge of said engine were looking east while the engine was being propelled in a westerly direction, and that the defendant "failed to give any warning of the approach of said locomotive engine to, upon and across said public highway, by ringing the bell or sounding the whistle then and there attached to said locomotive engine, but therein the defendant wholly failed and made default, contrary to the form of the statute in such cases made and provided, by means whereof, and in consequence of which default and neglect of defendant," etc. The negligence charged in the fourth count was, that "the defendant then and there drove a certain locomotive engine upon and along said railroad, up to, upon and across said

public highway at the said crossing of the same and the said railroad, and in so doing no bell of at least thirty pounds weight or steam whistle placed on the said locomotive engine was rung or whistled by the engineer or fireman thereof at the distance of at least eighty rods from the said crossing, and kept ringing or whistling until the said crossing was reached by the said locomotive engine, but therein the defendant wholly failed and made default, contrary to the form of the statute in such cases made and provided, by means and in consequence of which default and neglect," etc. The negligence alleged in the fifth count was a failure to place and maintain a sign-board at the crossing; and the third count was for injuries and damages to the horses and wagon, only.

Appellant's railroad, at the place where the accident occurred, runs substantially east and west, and the public road on which appellee was driving runs north and south. The train which struck the wagon of appellee consisted of a locomotive, nineteen cars and a caboose. The engine was running backward and west, but was pulling the train, so there were no cars in front of the engine in the direction in which it was moving. The country was open and level, and there was nothing to obstruct the view east of the highway for the distance of a quarter of a mile.

The chief contention of appellant, at the trial, was, that as the train was in full view for the distance above stated, so that appellee could easily have seen it before driving on the railroad track, he did not exercise reasonable and ordinary care, and was guilty of such contributory negligence as would prevent his recovering for the injuries sustained.

Among the instructions given to the jury at the instance of appellee were the following:

"1. The court instructs the jury, that if they believe, from the evidence, that the place of the injury complained of was the crossing of the railroad over a public highway, and that upon the occasion of the injury complained of, a bell was not

rung or a whistle sounded at a distance of eighty rods from the crossing, and kept ringing or whistling until the crossing was reached, and that the plaintiff was lulled into a feeling of security by reason of such negligence on the part of defendant, and that in attempting to cross the said railroad track he was struck and injured, as charged in the declaration, then the plaintiff, even though he may have been somewhat careless in looking out for trains, may recover, provided the jury shall, upon a comparison, be of the opinion, from the evidence, that the negligence of defendant was gross and that plaintiff's negligence was only slight."

"3. The jury have the right, under the law, to compare the negligence of plaintiff and defendant in a case like the one at bar and in this case, although the jury may believe, from the evidence, that plaintiff was not wholly without negligence, yet if you further believe, from the evidence, that the defendant was guilty of gross negligence whilst the plaintiff was only guilty of slight negligence, then such slight negligence on plaintiff's part will not prevent a recovery in this case."

"5. The jury are instructed, that if a railroad crosses a common road on the same level, those traveling on either have a legal right to pass over the point of crossing, and to require reasonable care and caution of those traveling on the other road, to avoid a collision; that while a passing train, from its force and momentum, will have the preference in crossing first, yet those in charge of it are bound to give reasonable warning, so that a person about to cross with a team and wagon may stop and allow the train to pass,—and such warning must be reasonable and timely, so far as the circumstances will reasonably admit."

The court refused to give the following instruction, asked by appellant:

"2. The court instructs the jury, in this case, that it was only ordinary care for the plaintiff, as he approached the crossing upon which he received his injuries, to keep a look-

out both ways for the approach of trains, and it was his duty to exercise such ordinary care; and if you believe, from the evidence in this case, that he failed to exercise such ordinary care, then he can not recover in this case, if you believe, from the evidence, that by the exercise of such ordinary care he could have prevented the injury."

But the court modified the same, by adding to it the following: "Unless you further believe, from the evidence, that the defendant was guilty of gross negligence," and gave it as thus modified.

The court refused the following instruction for appellant: "11. If you believe, from the evidence, that the plaintiff, at the time he sustained the injury, was so attracted in a different direction that the noise of the bell or the whistle would not have attracted him, or that the wind was so strong that he would not likely have heard it in his then state of mind, then the failure to ring or whistle would not be such negligence as would enable plaintiff to recover for such failure."

The verdict and judgment were for appellee, and the judgment was subsequently affirmed in the Appellate Court.

Mr. Clarence Brown, Mr. B. W. Henry, and Messrs. Wiley & Neal, for the appellant:

The appellee was guilty of such negligence as to preclude a recovery. *Railway Co.* v. *Sweeney,* 52 Ill. 325; *Railroad Co.* v. *Gretzner,* 46 id. 74; *Railroad Co.* v. *Van Patten,* 64 id. 510; *Railroad Co.* v. *Green,* 81 id. 19; *Railroad Co.* v. *Lee,* 68 id. 576; *Railroad Co.* v. *Hetherington,* 83 id. 510; *Railroad Co.* v. *Johnson,* 103 id. 512.

It is the duty of a person about to cross a railroad track, to look and listen for approaching trains, and the neglect of that duty is such gross negligence as precludes all right of recovery in case of collision. *Railroad Co.* v. *Still,* 19 Ill. 499; *Railroad Co.* v. *Dill,* 22 id. 265; *Railroad Co.* v. *Gretzner,* 46

id. 83; *Railroad Co.* v. *Damerell,* 81 id. 445; *Railway Co.* v. *Hicks,* 13 Bradw. 407; *Railway Co.* v. *Neikirk,* 15 id. 172.

The law does not presume that a failure to ring the bell or sound the whistle is the cause of the injury. The injury must be the result of the omission, and this must be found by the jury; and the same rule applies to any other omission of duty charged against defendant. *Railroad Co.* v. *Hanley,* 26 Ill. App. 351; *Railroad Co.* v. *Linn,* 67 Ill. 109; *Railroad Co.* v. *Blackman,* 63 id. 117; *Railroad Co.* v. *Holloway,* 63 id. 121; *Railroad Co.* v. *Van Patten,* 64 id. 510; *Railroad Co.* v. *Well-hoener,* 72 id. 60; *Railroad Co.* v. *Lee,* 68 id. 578.

The court erred in giving plaintiff's third instruction. *Railroad Co.* v. *Hazzard,* 26 Ill. 373; *Jacobs' case,* 20 id. 488; *Railroad Co.* v. *Simmons,* 38 id. 242; *Railroad Co.* v. *Damerell,* 81 id. 450.

The court erred in giving the first and fifth of plaintiff's instructions. *Railroad Co.* v. *Siltman,* 67 Ill. 72.

The court erred in modifying the second instruction, and in refusing the eleventh instruction asked by appellant.

Messrs. Guinn & Duncan, for the appellee, contended that there was no error in the ruling of the court upon instructions.

Mr. Justice Baker delivered the opinion of the Court:

The Appellate Court, in their opinion filed herein, say: "The case as presented by the evidence was such that the jury might have found either way upon the question whether appellee exercised ordinary care, and whichever way they found we would not feel justified in disturbing their finding. This being a question of fact, entirely within the province of the jury, where their finding may be supported in any reasonable view of the evidence, it should stand. It is only when there is no evidence in the case upon which the finding of the jury can rest, or where the finding is against the clear weight of the evidence, that we are justified in setting the verdict aside."

It thus appears, and the same fact is made manifest by an examination of the testimony, that the controverted and controlling issue submitted for the decision of the jury was, whether appellee, at the time he received the injuries of which he complains, was in the exercise of ordinary care, or whether, on the contrary, he was guilty of such contributory negligence as to bar his right of recovery. It being a close case upon that question, it was of vital importance, in order that the jury might arrive at a just conclusion, that they should be accurately instructed in respect to such issue.

The doctrine of comparative negligence only has application in a case where a plaintiff has exercised ordinary care. Here, the jury were told by the court, in the third instruction for appellee, that "in this case" "the jury have the right, under the law, to compare the negligence of plaintiff and defendant, * * * although the jury may believe, from the evidence, that the plaintiff was not wholly without negligence." This was equivalent to informing the jury, as matter of law, that the plaintiff had exercised ordinary care. It is true that the instruction concluded by saying, that if the jury further believed, from the evidence, that the defendant was guilty of gross negligence whilst the plaintiff was only guilty of slight negligence, then such slight negligence would not prevent a recovery. But the instruction started out with the assumption that the plaintiff used ordinary care, which necessarily implied his negligence was but slight, and then proceeded, the clauses being transposed, whilst the plaintiff was only guilty of slight negligence, yet if they believed, from the evidence, that the defendant was guilty of gross negligence, then such slight negligence would not prevent a recovery. In other words, the jury would naturally and most likely conclude that the only question of fact for them to determine in favor of the plaintiff, in order to entitle him to a verdict, was, that "the defendant was guilty of gross negligence." The jury would the more probably thus interpret the instruction in view of the second

instruction asked by appellant, as it was modified and given. The court properly refused this latter instruction in the form in which it was submitted, for the omission of a person approaching a railway crossing to look or listen for an approaching train, does not necessarily, and as matter of law, constitute negligence. (*Terre Haute and Indianapolis Railroad Co.* v. *Voelker*, 129 Ill. 540.) But the instruction, as modified and given, plainly told the jury, that if they believed, from the evidence, that the plaintiff failed to exercise ordinary care, and if by the exercise of such ordinary care he could have prevented the injury, then he could not recover, unless it was further believed, from the evidence, that the defendant was guilty of gross negligence. The necessary implication from this latter instruction was, that gross negligence on the part of the defendant would obviate the necessity of ordinary care on the part of the plaintiff; and the doctrine thus announced is the same as that which we have above found is deducible from the third instruction for plaintiff. Both instructions were palpably erroneous, and being addressed, as they were, to the paramount issue in the case, they were well calculated to and probably did mislead the jury.

The first instruction for appellee was inaccurate. The statute imposes a liability upon railway companies for all damages sustained by reason of a neglect to either ring a bell or sound a steam whistle when approaching places where their railroads cross a public highway. The instruction does not make the liability of defendant for damages depend upon the fact that they were occasioned by a failure to ring a bell or sound a whistle, but dependent upon the fact that such failure lulled the plaintiff into a feeling of security. The plaintiff may have been lulled into a feeling of security by the neglect of defendant in that behalf, *non constat* such neglect occasioned the injury. In *Peoria, Pekin and Jacksonville Railroad Co.* v. *Siltman*, 67 Ill. 72, a similar instruction was condemned, and it was there said: "This is an evasion of the statute, and was

4—135 Ill.

calculated to mislead the jury." The requirement in the instruction that they should believe, from the evidence, that the plaintiff "was struck and injured as charged in the declaration," did not sufficiently cure the defect therein, since the jury probably understood that language to refer to the charge in the declaration that the locomotive struck the wagon and broke it in pieces, and thereby threw him with great force upon the ground, etc.

The fifth instruction for appellee was also objectionable. The only negligence charged in the declaration in respect to the personal injuries received by plaintiff, and in regard to which the instruction would have application, was a failure to ring a bell or sound a whistle. If the action is to be regarded as based upon the statutory liability imposed for the non-performance of one or the other of those acts, then the instruction, in requiring that a warning should have been given such as was reasonable and timely under the circumstances, declared a higher duty than the statute imposed. *(Peoria, Pekin and Jacksonville Railroad Co.* v. *Siltman,* 67 Ill. 72.) If, on the other hand, the action is regarded as based upon the common law duty to give reasonable warning of the approach of the train, then it would seem the instruction was broader than the averments of the declaration justified, the pleader having stated therein the particular breaches of such duty upon which he relied, and having made no general averments of neglect of duty in that behalf.

Without holding that the inaccuracies in the first and fifth instructions would, of themselves, afford grounds that required the reversal of the judgment, yet they are entitled to some weight in considering whether or not the jury was properly and fairly instructed at the trial, and they should be corrected at another trial.

The eleventh instruction asked by appellant was properly refused. It was argumentative, and invaded the province of the jury, and would have set them afloat upon a sea of sur-

mise. And, besides this, appellee was in a position of danger, and notwithstanding the wind may have been blowing so hard that he would likely not have heard the warnings, yet he was entitled to the benefit of the possibility he might have heard such warning.

The judgment is reversed and the cause remanded.

*Judgment reversed.*