## Edwin Beard v. O. F. Morgan and D. A. Orebaugh.

1. VERDICTS—*Not Manifestly Wrong.*—This court can not say from the evidence in this case that the jury should have reached a different conclusion, and that their determination of the disputed questions of fact was manifestly wrong, and it must stand.

2. APPEALS AND ERRORS—*Damages on Affirmance.*—This court is of the opinion, from a consideration of the voluminous abstract and careful brief filed in behalf of appellant, that this case has been contested in good faith in this court and not for delay, and that the motion for ten per cent damages should be denied.

**Assumpsit,** for legal services. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 30, 1897.

FRANK M. CRANGLE and W. F. PIERSON, attorneys for appellant.

MORGAN & OREBAUGH, appellees, *pro se;* HILSCHER & GOODYEAR, of counsel.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellant is the editor and publisher of a newspaper at Watseka, in Iroquois county. Appellees are practicing lawyers in Watseka, and in partnership. Morgan is a brother-in-law of appellant, and at one time worked on appellant's paper. Appellant became involved in a large amount of litigation because of articles published in his newspaper. He published a series of articles reflecting upon one C. H. Payson, a member of the Iroquois county bar, charging him with unprofessional conduct, after being advised by appellees the article was libelous. Payson had appellant arrested on a charge of criminal libel. Complaints of a similar character against appellant were lodged with several justices of the peace in different parts of the county. These cases were tried, and in several of them appellant was bound to the grand jury. Afterward seven indictments for criminal

libel were found against him by the grand jury. These indictments were certified to the County Court for trial, and one of them was tried, resulting in a verdict of not guilty, and the abandonment of the remaining suits. In all these cases he was defended by appellees. While these criminal cases were pending he employed them to take steps before the Supreme Court to procure the disbarment of Payson. They prepared voluminous papers for that purpose and performed various services in connection therewith. After the abandonment of the criminal libel suits appellant dropped the disbarment proceeding. Appellant was charged with having published, in a paper at Kankakee, an article reflecting unjustly upon one J. C. Dunham, of Paxton, Illinois. Dunham sued appellant therefor in the Circuit Court of Kankakee County in an action for libel, laying damages at $5,000. Appellees were employed by appellant in this case, and assisted in the trial, competent resident attorneys being also employed and assisting. There were continuances and a trial, and a verdict against appellant for one cent damages. Appellant had one Gregory arrested on a charge of assault and battery. Gregory was acquitted. Thereupon Gregory began a suit against appellant for false imprisonment, laying damages at $5,000 or $10,000. Appellees were employed and assisted in the defense of this case. There was a verdict for appellant. Appellees acted for and advised appellant in various other matters. These legal services extended over several years. Appellant paid them in all $432.16, besides one or two other small items of credit to him. The parties had one settlement while these services were being rendered. Appellees brought this suit against appellant to recover for such legal services rendered appellant after the settlement. In their bill of particulars appellees claimed $810. They filed an affidavit of claim with their declaration in which one of appellees swore there was $695 still due them. Upon a jury trial appellees recovered a verdict for $259.30, upon which verdict they had judgment, and the defendant below appeals therefrom to this court.

There were two main disputed questions of fact. The first was as follows: Appellant claimed that prior to the rendition of these services there was an arrangement between himself and appellees that he should assist appellees to get legal business, and give them the favor and influence of his newspaper, and in return therefor appellees were to make but nominal charges for legal services they rendered him; and that in compliance with said contract he sent legal business to them, gave them the favor and influence of his paper, and notified his employes on the paper and his correspondents in the different towns and villages of the county to send appellees business whenever they could, and give them their influence, and that said correspondents obeyed his instructions to a considerable extent. Appellees denied they made any such arrangement. The second disputed question of fact was, if said above stated defense failed, then what were the services of appellees reasonably worth. Appellant claimed that appellees had not been successful in many matters where more skilled lawyers would have been; that several of the more important victories were won by the other lawyers employed by appellant; that appellees made many unnecessary trips and did many unnecessary things for which they charged him; and that their charges were unreasonably high for the services rendered. Appellant's first position that appellees were to make only nominal charges was not only rebutted by the evidence of appellees, but was entirely inconsistent with appellant's conduct in paying them $432.16 while the litigation was in progress. If there was originally such an arrangement, appellant evidently did not expect it to be applied to litigation so serious and important as that in which he afterward found himself involved. There was much contradictory evidence as to the value of, and as to what would be ordinarily reasonable charges for, such services as appellees rendered. The jury and the presiding judge were much better able than we are to determine the weight and credit which should be given to the testimony of the respective witnesses. The jury allowed appellees about one-third of the amount

they claimed.   Appellant succeeded as to about two-thirds in amount of the claims against him.   We can not say from the evidence that the jury should have reached a different conclusion, and that their determination of these disputed questions of fact was manifestly wrong.   We do not find in the rulings of the court upon the evidence and instructions which are here complained of, any error of sufficient importance to require a reversal.

Appellees have entered a motion asking the court in case of affirmance to assess damages against appellant under R. S. 1874, C. 33, Sec. 23, allowing damages in not exceeding ten per cent on the amount of the judgment below, where the court shall be of opinion the appeal was prosecuted for delay. With this motion is filed an affidavit that appellant's attorney made a remark to appellees implying that the appeal was for the purpose of keeping appellees out of their money as long as possible.   A counter affidavit seeks to explain that the remark was merely made in jest.   We are of opinion from the voluminous abstract and careful brief filed in behalf of appellant, that this case has been contested in good faith by appellant in this court, and that we ought not to grant said motion, and it is therefore denied.   Chicago, B. & Q. R. R. Co. v. Dougherty, 110 Ill. 521.   Judgment affirmed.