# North Chicago Street Railroad Co. v. Leo Nelson.

1. COMPARATIVE NEGLIGENCE—*Approaching Railroad Tracks.*—The fact that a person approaching a railroad track fails to look for approaching cars, under the circumstances of this case, can not be said to constitute negligence *per se.*

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 12, 1898.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

CASE & HOGAN, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This action was brought by appellee to recover damages for personal injuries alleged to have been sustained by reason of negligence of appellant.

There was evidence from which the jury were fully warranted in finding that appellant drove its car up to and over the street crossing where appellee was injured without ringing any bell or giving any other warning of its approach, and that the headlight on the grip-car was dim. It could not be said that the finding of the verdict, as to negligence of appellant, was against the weight of the evidence. Nor is there any contention in this behalf.

The only complaint made by appellant is that the court erred in refusing to instruct the jury to find for appellant, and the only ground for such complaint presented in the briefs is that of contributory negligence on the part of appellee.

In measuring the conduct of appellee it can not be said that the greater weight of the evidence establishes that he was crossing at any place other than the public crossing when he was injured. Several witnesses state that he

crossed some feet north of the street intersection, but other witnesses, of apparently equal credibility, state that he was upon the street crossing. As to whether he looked before going across the street to guard against approaching cars he is the only witness. He states positively that he looked to the south, then to the north, and then to the west, in which latter direction he proceeded. In this he is uncontradicted by any direct evidence. It is difficult to perceive how any other or greater caution could be required. Several witnesses did see the approaching car, but this is not conclusive that appellee could not have exercised the care testified to and yet have failed to see it. He had just come from a brightly lighted room. It was dark—seven o'clock in the evening of November 25th. There was evidence which warranted the jury in finding that the headlight of the car was dim.

Under all these circumstances it was clearly a question of fact for the jury as to whether the positive testimony of this unimpeached witness was necessarily overcome by the fact that some others did see the approaching car. And if it were established that he did not even look, such failure, under the circumstances here surrounding, can not be said to constitute negligence *per se*. The rule to that effect, if it ever obtained in this State, does not now. T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540; T., St. L. & K. C. R. R. Co. v. Cline, 135 Ill. 41; C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623; C. & E. I. R. R. Co. v. Tilton, 26 Ill. App. 362; C., P. & St. L. R. R. Co. v. Woolridge, 72 Ill. App. 551; L. S. & M. S. R. R. Co. v. Foster, 74 Ill. App. 387.

It can not be said that under the facts and circumstances of this case, reasonable minds would agree in a conclusion of negligence on the part of appellee. The question as to any such contributory negligence was properly submitted to the jury, and their verdict should be permitted to stand.

No complaint is made of the rulings of the trial court in matters of procedure. The judgment is affirmed.