## West Chicago St. R. R. Co. v. Louis Huhnke.

1. JURORS—*Illiteracy as a Disqualification May be Waived.*—A party litigant is entitled under the law to twelve jurors "well informed," but if his counsel fails to secure such a jury by not insisting upon his legal rights to question each juror as to his qualifications, his right to challenge on the ground of illiteracy is waived and he must abide the result.

2. VERDICTS—*Use of Affidavits to Impeach.*—As a general rule the affidavit of a juror can not be used for the purpose of impeaching his verdict or to question the manner by which he arrived at it, but the affidavits of his fellow-jurors may be used to show that he swore untruthfully on his *voir dire* and was therefore a prejudiced and disqualified juror. Affidavits of jurors may be used to show they never consented to the verdict.

3. SAME—*Prejudicial and Revengeful Jurors.*—The law does not leave litigants at the mercy of an unfair, prejudiced or revengeful juror, because such unfairness and prejudice may be concealed by perjury until the privacy of the jury room is reached, and, when for the first time it develops under the belief, that the jury's deliberations can not be revealed for any purpose.

Action in Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term 1898. Reversed and remanded. Opinion filed May 8, 1899.

Statement.—November 19, 1894, between 5 and 6 P. M., appellee, at the west crossing of Desplaines and Madison streets, Chicago, was run down by a grip car of appellant going west, to which was attached two trailers, had his leg run over and so injured that it had to be amputated. He brought suit, a trial of which before the Superior Court and a jury resulted in a verdict and judgment in his favor of $10,000, from which this appeal was taken.

The evidence was conflicting, and if the verdict had been for appellant, we are not prepared to say it would not have been fully justified. Such being the case it was important that the verdict should be reached after a full and fair consideration of the conflicting evidence by twelve fair-minded, unbiased and unprejudiced jurors.

When the verdict was read it appeared that one of the jurors signed it by his mark and by his own affidavit, read on motion for new trial, it appears he could neither read nor write the English language and had to depend on one of the other jurors to read the court's instructions to him. It also appears on motion for new trial by affidavits of his fellow-jurors that A. E. Dunn, who was the foreman of the jury, stated during the deliberations of the jury on their verdict that he was prejudiced against appellant's attorney, and had it in for said attorney. The juror Dunn testified on his *voir dire*, among other things, in answer to questions by appellant's attorney, viz.: "I have no prejudice against any of the parties or counsel. I know of no reason myself that would make me unfair in the case."

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

CASE & HOGAN, attorneys for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant claims, first, that it did not have a fair trial by an impartial jury; second, that a verdict should have been directed for appellant because of appellee's contributory negligence; third, that the verdict is against the law and the evidence and the weight of the evidence; fourth, that there was error in the court's rulings on instructions. First. That an illiterate juror was accepted on the panel, is no doubt the fault of the jury commission, court and counsel. Appellant was entitled, under the law, to twelve jurors "well informed," but if its counsel failed to secure such a jury by presuming that the jury commission had done its duty, and by failing to insist on his legal rights before the court, to question each juror as to his qualifications, appellant must abide the result. As to the prejudiced juror, a different question is presented. In answer to well

directed questions of counsel, the juror testified that he knew no reason that would make him unfair, and that he was not prejudiced "against any of the parties or counsel." His conduct in the jury room, which is not denied, shows these answers to have been untrue. It is true, as a general rule, that the affidavit of a juror can not be used for the purpose of impeaching the verdict, or in other words, "to question the manner by which he arrived at his verdict." (Smith v. Smith, 169 Ill. 623, and cases cited). But we see no good reason why the affidavits of one's fellow-juror may not be looked to to show that he swore untruthfully on his *voir dire*, and was therefore a prejudiced and disqualified juror. Affidavits of jurors may be used to show they never consented to the verdict. Smith v. Eames, 3 Scam. 80.

It can not be that our jurisprudence will leave litigants at the mercy of an unfair, prejudiced and even revengeful juror, because such unfairness and prejudice are concealed by perjury, until the privacy of the jury room is reached, when for the first time, it develops under the belief, no doubt, that the jury's deliberations can not be revealed for any purpose. For this reason alone, and especially in view of the evidence bearing on appellee's case, appellant should have been awarded a new trial.

2d. It is conceded that there was evidence to be submitted to the jury as to appellant's negligence, and we are of opinion, after careful consideration of the evidence bearon appellee's contributory negligence, that it is such, when all the circumstances in evidence are considered; it can not be said, as matter of law, he did not exercise ordinary care for his own safety. He says that he looked in the direction from which appellant's train was approaching, and did not see it, and one of his witnesses says appellee looked in that direction. Even if he did not look, it has been held that would not *per se* be contributory negligence. C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623–8, and cases cited; N. C. St. R. R. Co. v. Nelson, 79 Ill. App. 229; W. C. St. R. R. Co. v. McCallum, 169 Ill. 240–4; Pullman P. C. Co. v. Connell, 74 Ill. App. 447–52.

We therefore are of opinion the learned trial judge did not err in submitting the case to the jury.

3d.    For the same reasons last above stated, the verdict is not against the law and the evidence, unless it be because it is against the clear weight of the evidence.  As to whether the verdict is against the weight of the evidence, it is unnecessary for us to decide, as there must be a reversal for the reason stated.

4th.    We have examined the instructions given, modified and given, and those refused, but find no reversible error in the court's rulings in this regard.    It seems unnecessary to consider in detail the objections of counsel thereto.

The judgment is reversed and the cause remanded.