## David S. Ravatt v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company.

1. INSTRUCTION—*as to look and listen rule approved.* The following instruction upon this subject, approved:

"The court instructs the jury, if you believe from the evidence that there was a space of from thirty to thirty-five feet next to the crossing in which the plaintiff could, by looking up the track, have a plain and unobstructed view of the train that struck him, and if you further believe from the evidence that he looked to the south and did not look at all in the direction of the approaching train that struck him, and that in so doing he failed to use reasonable care and caution for his own safety and protection, you should find the defendant not guilty."

Action in case for personal injuries. Appeal from the Circuit Court of Wabash county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

S. Z. LANDES, E. B. GREEN and T. G. RISLEY, for appellant.

C. S. CONGER and P. J. KOLB, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Wabash county, by appellant against appellee, to re-

Ravatt v. C., C., C. & St. L. Ry. Co.

cover for a personal injury sustained by appellant while in the act of driving a team and wagon across appellee's railroad at a public highway crossing in the country. Trial by jury. Verdict and judgment in favor of appellee.

The negligence charged in the declaration is the failure on the part of appellee to ring a bell, or sound a whistle, as provided by statute; and the declaration contains the usual and necessary averment that the appellant was in the exercise of reasonable care and caution for his own safety.

The evidence tends strongly to prove that appellee was guilty of the negligence charged in the declaration, but as to whether appellant was in the exercise of reasonable care and caution for his own safety on the occasion and at the time of his injury, the most that can be fairly said in his behalf is, that the state of the evidence when considered together was such as to make that a proper question to be submitted to the jury.

The alleged errors relied upon for a reversal are the giving by the trial court of certain instructions on behalf of appellee, the modifying of certain ones asked by appellant, and the refusal of the court to set aside the verdict and grant a new trial on the ground that the verdict is against the weight of the evidence.

The instructions are unnecessarily voluminous for so simple a case. They consist of eleven on behalf of appellant and seventeen on behalf of appellee. They fill almost a dozen pages of the abstract, and those on behalf of appellant cover at least as much space as those on behalf of appellee. They are, however, in no sense repugnant, and are of that class, and the state of the evidence as disclosed in the record brings the case within that class, where the instructions must be considered together as one series.

The instructions specially pointed out and challenged by counsel are numbered 1, 2, 3, 10, and 17. No. 1 is as follows: "The court instructs the jury, if you believe from the evidence that there was a space of from

thirty to thirty-five feet next to the crossing in which the plaintiff could, by looking up the track, have a plain and unobstructed view of the train that struck him, and if you further believe from the evidence that he looked to the south and did not look at all in the direction of the approaching train that struck him, and that in so doing he failed to use reasonable care and caution for his own safety and protection, you should find the defendant not guilty."

The objection that counsel urge against this instruction is, as they stated it: "By this instruction, as a matter of law, the negligence of the appellant, barring his right of recovery, is made to depend alone on his looking south instead of in the direction of the approaching train that struck him, regardless of all other facts and circumstances in proof in this case," and they cite in support of this position,—T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540; T., St. L. & K. C. R. R. Co. v. Cline, 135 Ill. 41; Partlow v. I. C. R. R. Co., 150 Ill. 321; C. & St. L. P. Ry. Co. v. Wilson, 133 Ill. 55; and C. & A. R. R. Co. v. Smith, 180 Ill. 456.

We do not understand the instruction or cases cited as counsel appear to understand them. As we understand the instruction, it did not tell the jury that if appellant was looking south instead of in the direction of the approaching train that this would be negligence, but submitted it to be determined by the jury, from all the evidence in the case, whether this would in fact be negligence. And as we understand the cases cited, they hold no more than that in this class of cases it is not for the court to say, as matter of law, that certain specified acts, if proven, constitute negligence; that it must be left for the jury to determine, as a question of fact, not only whether or not such acts have been proven, but also whether or not when proven they constitute negligence. We think the instruction fairly submitted both these questions to the jury, and that it is not bad in the respect complained of.

The 2nd, 3rd, and 10th instructions do no more than

state the duty of the respective parties, under states of fact which the evidence tends to prove. They do not assume the existence of any controverted fact, nor do they tell the jury that any particular fact or state of facts constitutes negligence.

Instruction No. 17 is in the form of an abstract proposition, and does not fully state the law applicable to the phase of the case to which it might apply, but when all the instructions are considered together as one series, as must be done in this case, it does not seem probable to us that the jury was or could have been misled by the instructions, to appellant's prejudice.

With respect to modifications of certain of appellant's instructions, complained of by counsel, we only need to state that counsel have not attempted to point out wherein any of such modifications are improper.

Counsel strenuously insist that the greater weight of the evidence is on the side of appellant, not only as to the negligence charged against appellee, but also as to the exercise of due care and caution on his part, and that for that reason, if for no other, the trial court should have set the verdict aside and granted a new trial.

In this we do not agree with counsel. To our minds the state of the evidence bearing upon the latter branch of the case is such as to make the finding of the jury conclusive. It is only where the verdict is so manifestly against the weight of the evidence as to make it apparent to the court that the verdict was not the result of the impartial and honest judgment of the jury, that it is the duty of the court to set aside the verdict and award a new trial.

The judgment of the Circuit Court is affirmed.

*Affirmed.*