(No. 20914.—

THE DRAINAGE COMMISSIONERS OF DISTRICT No. 2, Appellees, *vs.* HENRY MANSFIELD *et al.* Appellants.

*Opinion filed February 19, 1932—Rehearing denied April 20, 1932.*

STONE, C. J., dissenting.

HENRY MANSFIELD, *pro se,* and DAVID J. COWAN, guardian *ad litem,* for appellants.

SCOTT W. LUCAS, for appellees.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Under the provisions of section 72 of the Farm Drainage act (Cahill's Stat. 1931, chap. 42, par. 195,) the drainage commissioners of district No. 2 of the town of Havana, county of Mason, State of Illinois, filed a bill in the circuit court of Mason county praying foreclosure of a drainage tax lien against the lands of Henry Mansfield, John Mansfield, Brasher Mansfield, and others. John and

Brasher, sons of Henry, were minors, and a guardian *ad litem* was duly appointed for them. Henry held a life estate in the Mansfield lands and John and Brasher were contingent remaindermen. Answers were filed, and John and Brasher by their guardian *ad litem* filed a cross-bill in the nature of an original bill to review the proceedings of the drainage commissioners whereby the Mansfield lands, among others, were classified and assessed for the drainage taxes out of which arose the lien sought to be foreclosed. The court sustained a demurrer to the cross-bill and after a hearing entered a decree in accordance with the prayer of the bill. From this decree the Mansfields have appealed.

The proceedings of the commissioners at which the classification and assessment rolls were confirmed were had in November and December of 1926 and the Mansfields were given due notice thereof. Henry Mansfield appeared before the commissioners and examined the proposed classification roll but filed no objection. No appeal was taken to review the action of the commissioners, as provided by statute. (Cahill's Stat. 1931, chap. 42, pars. 144, 145, 148.) The statute having by appeal provided an adequate remedy in case of an erroneous assessment that remedy must be held to be exclusive, and parties who have neglected to pursue it must be conclusively presumed to be content with the assessment. *Wabash Eastern Railway Co.* v. *Drainage Comrs.* 134 Ill. 384; *Illinois Central Railroad Co.* v. *Drainage Comrs.* 129 id. 417; *People* v. *Bradshaw,* 303 id. 558.

John and Brasher Mansfield now insist, nevertheless, that they have a right to raise in the present proceeding the question of benefits to the Mansfield lands. Their contention is that the Farm Drainage act makes no provision for appointment by drainage commissioners of guardians *ad litem;* that consequently they had no means of appearing legally before the commissioners to make objections with reference to the classification and assessment of their lands; that without the right to legally appear and make

objections before the commissioners they had no basis for an appeal to the county court; that they were entitled to their day in court; that their first opportunity to object came in the present proceeding, and that under the rule announced in *People* v. *Allen,* 317 Ill. 92, and *People* v. *Prather,* 322 id. 280, their present objection is duly made and must be given consideration. We cannot accede to this contention. In *People* v. *Cooper,* 139 Ill. 461, one of the issues presented related to the annexation of lands of minors to an existing drainage district. In dealing with this issue we said: "The point is also made that several of the owners of land in the areas sought to be annexed to said district were minors and that no guardians *ad litem* were appointed for them and that they were not represented by their guardians in the annexation proceedings. The statute makes no provision for the appointment of guardians *ad litem* in proceedings of this character and gives the commissioners no authority to appoint such guardians. In proceedings for the original organization of special drainage districts, which must be had before the county court, provision is made for the appointment of guardians *ad litem* for infant land owners, but those provisions do not extend to proceedings for the annexation of new areas to districts already formed. The jurisdiction of the commissioners over the lands of infants in those proceedings is acquired by giving notice in the mode prescribed by the statute, and while infants thus notified may doubtless appear by their guardians and contest the proceedings, their appearance in that mode is not made necessary to the regularity or legality of the order for the enlargement of the boundaries of the district." While the action taken in the case at bar was not the annexation of the minors' lands to an existing district but the classification and assessment of lands already in the district we see no real basis for a distinction between the two situations, and the view taken and expressed in the *Cooper case* is decisive here. The minors' father, their

natural guardian, who had a life estate in the lands, appeared when the proceedings were had and John and Brasher are not now in a position to object to what was done.

Appellants insist that *Walgreen Co.* v. *Industrial Com.* 323 Ill. 194, *Maskaliunas* v. *Chicago and Western Indiana Railroad Co.* 318 id. 142, and *McDonald* v. *City of Spring Valley,* 285 id. 52, are conclusive in their favor on the point of the right of John and Brasher Mansfield to raise in the case at bar objections to the action of the drainage commissioners. Those cases involved statutes general in their terms which in effect imposed limitations upon the right to recover for personal injuries, and it was held that certain minors and incompetents were not subject to such limitations. In the present case we are not dealing with a statute which purports to impose limitations.

It is next contended that the interests of John and Brasher Mansfield as contingent remaindermen cannot be sold in this proceeding. This contention is without merit. The lien created under section 72 of the act is not upon any specific interest in the land but upon the land itself—that is, upon the *res.* The power to levy the assessment made is clearly referable to the taxing power, and the lien given is of the same nature and subject to the same general rules as that given in case of general taxes. It attaches to the land itself, irrespective of the interests of the various owners, and is paramount to all other claims or liens against the property. Every property owner holds his property subject to the exercise of the taxing power, and it is immaterial, so far as this question is concerned, what may be the nature of his interest—whether a fee, an estate in expectancy, an estate for years or a mere lien. (*Wabash Eastern Railway Co.* v. *Drainage Comrs. supra.*) The provisions of "An act concerning future interests," (Cahill's Stat. 1931, chap. 148, par. 24,) invoked by appellants to sustain their argument that no decree can be entered which will defeat the contingent remainders of

John and Brasher, are clearly without application to a proceeding of this character.

Appellants contend that there was no warrant for entering the decree because the drainage district did not sustain the burden of proving that it was a corporation. In view of the well settled rule that the legality of the organization of a drainage district cannot be inquired into in a collateral proceeding, ( *Osborn* v. *People,* 103 Ill. 224; *Blake* v. *People,* 109 id. 504; *Samuels* v. *Drainage Comrs.* 125 id. 536; *Carr* v. *People,* 224 id. 160; *People* v. *Boyd,* 256 id. 9; *Aldridge* v. *Matthews,* 257 id. 202; *Village of Mount Prospect* v. *Reese,* 342 id. 216;) appellees were not called upon to establish a corporate existence *de jure,* and, at most, a corporate existence *de facto* was all that they were required to show. The chancellor found that the drainage district was a body corporate and that the commissioners of such district were the corporate authority of the district. It is true that no record showing the organization of the district was introduced in evidence. However, evidence bearing on the corporate existence of the district and on the impossibility of producing such a record was offered by appellees. John C. Leiding, one of the commissioners, testified that he was sixty-eight years of age; that the district had been organized thirty or thirty-five years; that he had once had possession of all the records of the district except a couple of assessment rolls, and that said records were burned in 1910, when his house burned. C. H. Kreiling testified that he had acted as engineer of the district since 1918; that he made an effort to locate the records showing the organization of the district but could not find any except the original assessment roll, and that from this roll he was able to locate the lands within the boundaries of the district. R. Roy Bruning testified that for ten years he had been the town clerk of Havana and *ex-officio* clerk of the drainage district; that during that time he had charge of the records of the district; that

when he was elected he received from his predecessor the records of the district, including a bound book, and that what purported to be a record of the proceedings of drainage district No. 2 in Havana township, Mason county and State of Illinois, from February 2, 1925, to March 17, 1928, was a true record kept by the witness of the meetings of the commissioners. C. D. Niederer testified that he was sixty-four years old; that he was once a commissioner of the district and held such office for about thirty years; that he remembered Leiding receiving the records; that witness examined the records at that time and saw that they included the meetings of the district; that witness knew Leiding received all the district papers with the exception of the original assessment roll, and that he remembered their destruction by fire when Leiding's house burned.

After the proofs were closed, Lyman Lacey, Jr., the solicitor who had filed the bill and represented the commissioners at the hearing, withdrew as their solicitor and under leave of court to re-open the case took the witness stand. He testified that he had been practicing law in Havana since 1886; that he had known the lands within the boundaries of drainage district No. 2, Havana, since 1882; that as assistant to E. A. Wallace, the attorney who prepared the petition to organize the district, witness personally wrote in longhand the petition and everything else connected with the district; that an order was entered by the commissioners organizing the district, and that witness recorded the petition, notices, proof of posting and the order of organization with the town clerk of the town of Havana.

The record shows that notices for the election of commissioners of the district were posted in various years; that elections were held; that those elected took the oath of office, and that prior to the confirmation of the classification and assessment rolls in 1926 a number of meetings of the commissioners were held, at which meetings business was transacted in the way of receiving and passing on en-

gineers' reports and allowing bills. This evidence sufficiently shows the existence of the district as a corporation *de facto*.

Appellants object to the testimony given by Lacey on the ground that because he was the solicitor in the case he was not a proper witness. His testimony, under cross-examination, indicated that while he did not intend to waive his fees for services rendered in the foreclosure proceeding, they were not dependent upon the outcome of the case. Granting that appellants are warranted in insisting that Lacey's relationship to the case may be held to affect his credibility as a witness, under the circumstances disclosed we are of opinion that the proof offered on the point of corporate existence was sufficient.

Appellees assert that the appeal in this case was prosecuted for delay and ask this court to assess damages against appellants in accordance with the provisions of the act cited. (Cahill's Stat. 1931, chap. 33, par. 23.) These provisions have been applied only to such cases as were appealed and not prosecuted or such as were not prosecuted in good faith, (*Chicago, Burlington and Quincy Railroad Co.* v. *Dougherty,* 110 Ill. 521,) and we are not convinced that they are properly applicable here.

The judgment of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*

Mr. CHIEF JUSTICE STONE, dissenting.